WITTEMANN BROTHERS, Appellant, *v.* FORMAN BOTTLING
COMPANY and Others, Respondents.

Second Department, June 8, 1917.

Appeal — trial — when dismissal of complaint should not be made
upon merits — debtor and creditor — suit to set aside fraudulent
conveyances — evidence — mortgage upon property conveyed exe-
cuted after conveyance — evidence of fraudulent intent — lis
pendens — cancellation of notice.

An appeal does not lie from a decision of the court, but only from the
judgment which carries it into effect.

But on appeal from an " order " which dismisses the complaint for failure
of proof at trial the court may treat the appeal as one taken from a
judgment.

Where a complaint was dismissed at the end of the plaintiff's case it was
error for the court to make findings of fact upon issues as to which the
defendants had the burden of proof and which were not tried.

The judgment should be one of nonsuit where the defendants moved to
dismiss the plaintiff's case without announcing that they rested, and
no findings of fact or determination on the merits should have been
made.

In a judgment creditor's action to set aside a conveyance alleged to have
been fraudulent it was error for the court to exclude evidence offered
by the plaintiff to show that after the conveyance the defendants gave
two chattel mortgages to other parties on the property conveyed. This
because proof of contemporaneous conveyances, no matter to whom
made, is always relevant to an issue of fraudulent conveyance.

Evidence of the circumstances under which conveyances are made and the
consideration paid therefor, is also relevant on the issue of fraudulent
intent.

In granting the nonsuit it was error to cancel the plaintiff's notice of
pendency of action before the time to appeal had expired or pending the
appeal, for in such action the notice can only be canceled by order of
the court upon payment into court, or upon giving the security required
by section 1674 of the Code of Civil Procedure.

APPEAL by the plaintiff, Wittemann Brothers, from an
order of the Supreme Court, made at the Kings County Special
Term and entered in the office of the clerk of the county of
Kings on the 11th day of May, 1916, dismissing the complaint
and directing the cancellation of a *lis pendens*, and also, as
stated in the notice of appeal, from the decision of the court
filed in said clerk's office on the same day.

*Clifford H. Owen,* for the appellant.

*Jacob Zelenko* [*Leon Sanders* with him on the brief], for the respondent Levi Merowitz.

BLACKMAR, J.:

We find in the papers two notices of appeal, one from an " order " which dismisses the complaint on the trial for failure of proof and cancels a notice of pendency of action, and the other from the decision of the justice who tried the action. An appeal does not lie from a decision, but only from the judgment which carries it into effect, and the so-called " order " was in effect a judgment and this appeal will be considered as taken from a judgment.

The complaint was dismissed at the end of the plaintiff's case, and thereafter the justice who presided at the trial made findings of fact, not only upon the issue to which plaintiff's evidence was directed, but upon an issue as to which defendant had the burden of proof and which was not tried, and directed judgment dismissing the complaint. The judgment was one of nonsuit, for the defendants moved to dismiss at the end of plaintiff's case without announcing that they rested. No finding of fact, as upon a determination on the merits, should have been made. (*McNulty Brothers* v. *Offerman,* 141 App. Div. 730; *Kling* v. *Corning News Co.,* 208 N. Y. 334.) The judgment will be reviewed, therefore, as one of nonsuit entitling the plaintiff to all inferences in his favor which the evidence will bear. (*Veazey* v. *Allen,* 173 N. Y. 359.)

The action was brought by plaintiff, a judgment creditor of the defendant Forman Bottling Company, to set aside a conveyance by that defendant to defendant Merowitz, on the ground that it was fraudulent as to creditors. The evidence offered by plaintiff was very scanty. It was confined to proof of the judgment in an action pending at the time the conveyance was made, and the issuance and return of an execution unsatisfied; the conveyance; evidence that grantee bore some relation to officers of the grantor, and slight evidence that the grantor continued in business on the property after the conveyance. Although the plaintiff could

make a *prima facie* case by introducing evidence tending to show the fraudulent intent of the grantor only (*Starin* v. *Kelly*, 88 N. Y. 418), yet it is doubtful if the slight evidence introduced was enough, even under the case of *Kerker* v. *Levy* (206 N. Y. 109), to furnish the basis for an inference of fraudulent intent. But an error in excluding evidence requires a new trial, at which the circumstances relevant to the question of fraudulent intent may be more fully developed. The conveyance claimed to be fraudulent was dated January 30, 1915, and recorded February 3, 1915. The plaintiff offered to prove that on January 27, 1915, the defendant Forman Bottling Company made two chattel mortgages, each to secure the payment of $2,000 covering chattels situated at 108 Bristol street. The evidence was rejected on the ground, as stated by the court, "that the complaint does not allege that the property purporting to be covered by these chattel mortgages ever came into the possession of or under the control of the defendants in this action, or were attached to or part of the property of which it is sought by this action to divest the defendants' record title." To this ruling the plaintiff duly excepted. Proof of contemporaneous conveyances, no matter to whom made, is always relevant to the issue of a fraudulent conveyance. (*Baldwin* v. *Short*, 125 N. Y. 553; *Amsden* v. *Manchester*, 40 Barb. 158; *Angrave* v. *Stone*, 45 id. 35.) They often furnish convincing evidence that the conveyance in question was part of a comprehensive scheme to divest the debtor of all his property in fraud of his creditors. Not only is evidence of such conveyances relevant, but evidence of the circumstances under which they are made and the consideration paid therefor is also relevant to the issue of fraudulent intent. This rule extends to all conveyances so nearly related in time as to permit the inference that they arose from the same source of intent. Such was the case of the conveyances in question. The exclusion of evidence of these mortgages was material error, and for such error the judgment must be reversed. It was also error to cancel the notice of pendency of the action before the time to appeal had expired, or pending the appeal. (Code Civ. Proc. § 1674; *Beman* v. *Todd*, 124 N. Y. 114; *St. Regis Paper Co.* v. *Santa Clara Co.*, 62 App.

Div. 538.)   In such a case a notice of pendency of action, in a judgment creditor's action, can be canceled only by order of the court upon the payment into court or giving the security required by the last cited section of the Code.

The judgment and order directing the canceling of the notice of pendency of action should be reversed, and a new trial granted, with costs to the appellant to abide the event, and the notice of pendency of action restored *nunc pro tunc.*

JENKS, P. J., STAPLETON, MILLS and PUTNAM, JJ., concurred.

Judgment and order directing the canceling of the notice of pendency of action reversed, and a new trial granted, costs to appellant to abide the event, and the notice of pendency of action restored *nunc pro tunc.*