GERTRUDE GREENWALD, Appellant, v. WILLIAM G. BULLOCK, CLIFF H. MORRIS and CLIFF H. MORRIS & Co., INC., Respondents.— Action to impress a trust upon a fifty-share building and loan certificate. Judgment dismissing the complaint upon the merits unanimously affirmed, with costs. In an equity action where the defect in the plaintiff's proof is due to quality rather than quantum, the court may make a decision dismissing the complaint on the merits. (Civ. Prac. Act, § 482; *McNulty Brothers* v. *Offerman*, 141 App. Div. 730, 732.) Ordinarily this may occur only where a defendant has rested, but parties may so conduct themselves that their acts are equivalent to resting without giving any evidence. Here the defendants' conduct was equivalent to resting without the giving of any evidence, the court having indicated that it did not believe plaintiff's evidence in view of the documentary proof which it accredited. The trial court, under the circumstances, properly refused to believe the plaintiff's version of the transaction upon which her claim was founded. Present — Hagarty, Carswell, Davis, Adel and Taylor, JJ.

M. F. HICKEY Co., INC., Respondent, v. LOTHAIR H. SZERLIP, Appellant, and Others, Defendants.— Order of the Appellate Term, which modified an order of the Municipal Court granting defendant-appellant's motion to open his default in pleading and vacate the judgment upon payment of twenty dollars costs, by providing that appellant's motion be granted upon payment of $100 costs and by giving a surety company bond in the sum of $1,200 to cover any judgment that might be obtained by the plaintiff, and in default thereof that the motion be denied, unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Davis, Adel and Taylor, JJ.

JAMES J. HOLMES and MARION V. HOLMES, Respondents, v. IVANHOE CLEANERS & DYERS, INC., Appellant, and ROBERT GROSSMAN, Defendant.— Action to recover for personal injuries and property damage arising as a consequence of claimed negligence in an accident involving the collision of two automobiles. Order denying motion of defendant Ivanhoe Cleaners & Dyers, Inc., to strike out reply and for judgment on the pleadings reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The movant affirmatively established on a showing, the verity of which is not challenged, its plea of *res judicata*. It was not confined to the naked provisions of the judgment in the Municipal Court, which, standing alone, would leave undisclosed whether the dismissal in that action was due to a failure to prove that the defendants in that action were or were not negligent. It properly had recourse to what the record in that action shows, to wit, that the decision therein was due to a determination as a fact that both the plaintiffs and the defendants in that action were negligent. The decision of those issues of fact in the Municipal Court action precludes their being litigated anew in the Supreme Court action, since there are identity of parties and identity of issues resolved in a manner that causes an estoppel which sustains the plea of *res judicata*. (*Cahnmann* v. *Metropolitan Street R. Co.*, 37 Misc. 475; *Carmen* v. *Fox Film Corporation*, 204 App. Div. 776; *Foster* v. *White & Sons*, 244 id. 368; *People ex rel. Village of Chateaugay* v. *P. S. Comm.*, 255 N. Y. 232, 238.) What was signed by the trier of the fact in the Municipal Court action is to be deemed a finding of fact which concludes the parties. Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.