JAMES J. KINSELLA, as Sole Surviving Trustee under the Last Will and Testament of WILLIAM H. KINSELLA, Late of the County of Kings, Deceased, Respondent, v. WILLIAM J. McNULTY, Appellant, and CATHERINE HOWARD, Defendant.— Order and judgment (one paper) confirming a referee's report and directing the entry of a deficiency judgment against appellant, in an action to foreclose a mortgage, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.

FRANCES L. LEVINE, Respondent, v. BEATRICE L. POLSEY, Appellant.— Order of the City Court of the City of Mount Vernon granting plaintiff's motion to strike out as insufficient in law the defense of res judicata pleaded in defendant's supplemental answer, and denying defendant's cross-motion for summary judgment affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Johnston and Taylor, JJ., concur; Adel, J., concurs in so far as the order denies the cross-motion of the defendant, but dissents as to affirmance of that part of the order which grants plaintiff's motion, and votes to modify the order on the law by striking from the first decretal paragraph thereof the words " granted with Ten ($10.00) Dollars costs," and by inserting in place thereof the word " denied; " and, as thus modified, votes to affirm the order, with the following memorandum: The usual difficulty of applying an accepted doctrine to the conceded facts is present. In the action of Polsey v. Levine the plaintiff alleged negligence on the part of the defendant and her own freedom from contributory negligence. The defendant's denial in that action framed the issues and the court, after a full and complete hearing of the proofs submitted by both parties, found and decided, in the form of an opinion, that the " collision which here occurred was a ' pure accident ' for which neither of the parties is answerable," and that it occurred without negligence by either party. In this action for damages, arising out of the same accident, by the defendant in Polsey v. Levine (now plaintiff) against the plaintiff in that action (now defendant), that finding is conclusive. It is true that the defendant in Polsey v. Levine might have succeeded on the finding that she was not negligent and the court might have stopped with that finding. He did not however, but decided all the issues tendered in the action, and such issues having been tendered, litigated and decided, it may not now be said that they or some of them were unessential. As I understand it, the issues of negligence and contributory negligence are essential in a negligence action such as this. To the end that there may be finality to litigation when such issues are tendered and decided, the findings should be conclusive. In Holmes v. Ivanhoe Cleaners & Dyers, Inc. (252 App. Div. 765), this court seems to have approved the practice of using a certain finding as the basis of a bar even though it was not necessary to make that finding in order to decide the prior action.