EPPIE MARINO, Appellant, *v.* JOSEPHINE ALLIAUD et al., Respondents.

First Department, May 19, 1959.

*Thomas F. Cohalan* of counsel (*John Gallione* with him on the brief; *Semel, Wolf & Gallione,* attorneys), for appellant.

*William F. McNulty* of counsel (*Stanley D. Hicks,* attorney), for Josephine Alliaud and another, respondents.

*Lester Samuels* of counsel (*Weisman, Celler, Allan, Spett & Sheinberg* with him on the brief; *Emanuel Morgenbesser,* attorney), for Annie Ryan, respondent.

*Per Curiam.* In this action to recover damages for personal injuries, the complaint was dismissed on the merits at the close of plaintiff's evidence. If the dismissal was properly on the merits, then, if there is any evidence to sustain the judgment, it will not be disturbed. (*McNulty Bros.* v. *Offerman,* 141 App. Div. 730, 732; *Wittemann Bros.* v. *Forman Bottling Co.,* 178 App. Div. 674, 675.) If the dismissal was in the nature of a nonsuit, then the plaintiff is entitled to have it reviewed in the light of the facts and inferences most favorable to her. (*Veazey* v. *Allen,* 173 N. Y. 359, 367.)

After plaintiff rested, defendants-respondents moved to dismiss the complaint on various grounds, each of which was predicated on a failure of proof. Neither of the defendants-respondents stated nor otherwise indicated that she rested. Nevertheless, the court proceeded to resolve the issues of fact largely on the basis of the credibility of plaintiff and her witnesses. In effect, the court held that plaintiff had failed to sustain her burden of proof; not that she had failed to make out a case.

A defendant is entitled to have the case decided on the merits by the trial court upon the evidence at the close of the plaintiff's case provided he manifests this to be his intention. Ordinarily this intention is manifested by the defendant by resting; however, it may be otherwise demonstrated. (*McNulty Bros.* v. *Offerman, supra,* p. 733; *Greenwald* v. *Bullock,* 252 App. Div. 765.)

In the instant case, defendants-respondents did not rest at the close of plaintiff's proof; their motions to dismiss were grounded on the legal insufficiency of the evidence of plaintiff and challenged the presence of an issue of fact on liability.

*Deeley* v. *Heintz* (169 N. Y. 129), relied on by defendants-respondents, is distinguishable. There the evidence consisted of written documents and involved was the construction of the

correspondence between parties; it was apparent that the defendant had no other evidence to offer. This view of *Deeley* is substantiated by the court's reliance there on *Trimble* v. *New York Cent. & Hudson Riv. R. R. Co.* (162 N. Y. 84) where the determination was made after both sides had submitted their evidence.

The record clearly establishes the dismissal was in the nature of a nonsuit. Since plaintiff established a prima facie case, the judgment of dismissal should be reversed on the law, and a new trial directed, with costs to abide the event.

BREITEL, J. P., M. M. FRANK, VALENTE, McNALLY and STEVENS, JJ., concur.

Judgment unanimously reversed upon the law and a new trial ordered, with costs to abide the event.