■ GUSTAVE ADAMS, Respondent, v. FARRELL LINES, INC., et al., Appellants.— Order entered on September 8, 1960, denying the motion for an order directing the plaintiff to serve an amended complaint affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.

■ HAT CORPORATION OF AMERICA, Respondent, v. BYER-ROLNICK HAT CORPORATION, Appellant, et al., Defendants.— Order entered on November 27, 1959, disaffirming the report of the Official Referee and denying defendant-appellant's motion to vacate service of the summons, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.

■ In the Matter of the Arbitration between JOE FRIED, INC., Respondent, and J. M. ROSE & Co., INC., Appellant.— Order entered on May 20, 1960, granting petitioner's motion permanently restraining certain partial arbitration proceedings, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.

■ HAROLD BOWLEY et al., Individually and Doing Business as BOWLEY & TRAVERS, Appellants, v. GEORGE J. SCHEPENS, Individually and as Manager of the New York Assigned Risk Plan, et al., Respondents.— Order entered on September 29, 1960, denying plaintiffs' application for a temporary injunction, unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.

■ LENORE V. BEAUMONT, Appellant, v. JEAN BEAUMONT, Respondent, and TWENTY-TWO ELEVEN, INC., Intervenor-Respondent.— Order entered October 11, 1960, purporting to resettle an order entered July 19, 1960 in relation to the cancellation of a notice of pendency, unanimously affirmed, with $50 costs and disbursements to the intervenor-defendant-respondent. Under the discretionary provisions of section 123 of the Civil Practice Act relating to good faith in the prosecution of an action in which a notice of pendency is filed, there was ample power and justification for the order entered at Special Term. Indeed, plaintiff is fortunate that Special Term did not charge her with the financial consequences imposable under the second paragraph of section 123. (See, also, *Israelson* v. *Bradley*, 308 N. Y. 511.) Insofar as any procedural irregularities are concerned plaintiff was not prejudiced because the result was not avoidable. Hence, under section 105 of the Civil Practice Act such irregularities must be disregarded. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.

■ In the Matter of the Arbitration between PITTSTON COMPANY, Appellant, and CENTRAL PETROLEUM CORPORATION et al., Respondents.— Order entered on October 21, 1960, denying petitioner's motion for a stay of arbitration, unanimously affirmed, with $20 costs and disbursements to the respondents. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.