■ LOUISE A. BRADLEY, Individually and as a Stockholder of East Williston Shopping Center, Inc., Suing on Behalf of Herself and in the Right of EAST WILLISTON SHOPPING CENTER, INC., Respondent-Appellant, v. EAST WILLISTON SHOPPING CENTER, INC., et al., Respondents, and PEARL PEARL,

Appellant-Respondent.— In a derivative stockholder's action to set aside a conveyance of real property by the corporate defendant to defendant Pearl, on the ground that the corporation could act only with the unanimous approval of its directors and stockholders, and that plaintiff, one of its directors and stockholders, had not consented to the sale, the defendant Pearl and the plaintiff cross-appeal as follows from portions of an order of the Supreme Court, Nassau County, dated June 29, 1960, which denied their respective motions and a motion by the defendant corporation and the Weiner defendants for summary judgment and other relief: Defendant Pearl appeals from so much of said order as denied her motion: (a) for summary judgment dismissing the complaint, pursuant to rule 113 of the Rules of Civil Practice; (b) for cancellation of the *lis pendens* and for the costs and expenses which she incurred by reason of its filing and cancellation, pursuant to section 123 of the Civil Practice Act; and (c) for other relief. Plaintiff appeals from so much of said order as denied her motion for summary judgment for the relief demanded in her complaint. Order insofar as appealed from affirmed, without costs, and without prejudice to defendant Pearl's renewal of her application under section 123 of the Civil Practice Act. Defendant Pearl's motion for summary judgment was based on the claim that, even if plaintiff had not formally consented to the sale, nevertheless by her conduct at the closing she had ratified the transaction or was estopped from questioning it. In our opinion, those questions may not be decided on the affidavits presented and should await determination after a complete disclosure of the facts upon a trial. Summary judgment, therefore, was properly denied to both parties. We are also of the opinion that, on the record presented, there was no abuse of discretion by the Special Term in denying defendant Pearl's application, under section 123 of the Civil Practice Act, for cancellation of the *lis pendens* filed by plaintiff and for her costs and expenses occasioned by such filing. However, if plaintiff has failed to proceed with the action, defendant Pearl, if she be so advised, may renew her motion for relief under section 123 of the Civil Practice Act. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.