■ LILLIAN RUSH, Appellant, v. CHARLES M. RUSH et al., Respondents.— In an action pursuant to article 10 of the Debtor and Creditor Law to declare that the transfers of the assets of defendant Charles M. Rush, the former husband of plaintiff, to his present wife, the defendant Grace Rush, are fraudulent and void; to set aside and vacate such transfers, and for other relief, plaintiff appeals from an order of the Supreme Court, Westchester County, dated July 29, 1963, which denied her motion for summary judgment. Order reversed, with $10 costs and disbursements, motion granted, with $10 costs, and action remitted to the Special Term for the entry of an appropriate judgment in plaintiff's favor. The transfers by defendant Charles M. Rush were made with the actual intent to frustrate or otherwise impede the efforts of plaintiff, his creditor. They were made without a fair consideration and they rendered him insolvent within the meaning of article 10 of the Debtor and Creditor Law, thus entitling plaintiff to appropriate relief under said article (*Matter of Oppenheim,* 269 App. Div. 1040; *Essex* v. *Essex,* 282 App. Div. 715; *Cohen* v. *Benjamin,* 246 App. Div. 866; cf. *Hafstad* v. *Hafstad,* 20 Misc 2d 979; *Robinson* v. *Stewart,* 10 N. Y. 189, 195). In their answer the defendants asserted that the consideration for the transfer was love and affection. They also contend that the consideration for the transfer was the promise of defendant Grace Rush to provide for the six-year-old daughter of Charles M. Rush, a child by a previous marriage. Love and affection and the conjectural promise of said future support are not fair consideration within the meaning of the article (Debtor and Creditor Law, § 272; *Matter of Oppenheim, supra; Robinson* v. *Stewart, supra;* see, e.g., Family Court Act, §§ 415, 445 and the predecessor statutes thereof). The separation agreement between the plaintiff and defendant Charles M. Rush survived their subsequent divorce. *Inter alia,* it was provided in said agreement that said defendant was to pay $425 to plaintiff monthly, so long as plaintiff shall remain alive and unmarried and that each of said parties shall have the right to dispose of his or her property by "Last Will and Testament, or otherwise, with the same force and effect as if" said party were not married. Defendants rely upon the latter provision as one permitting each party to dispose of his or her property, in their lifetimes, without interference or objection by the other. In every contract there exists an implied covenant of good faith and fair-dealing (*Kirke La Shelle Co.* v. *Armstrong Co.,* 263 N. Y. 79, 87). In seeking to ascertain the intentions of the parties, the fact that one construction would make the contract unreasonable may properly be taken into consideration. The court will endeavor to give the construction most equitable to both parties instead of one which will give one of the parties an unfair or unreasonable advantage over the other (*Fleischman* v. *Furgueson,* 223 N. Y. 235, 241). In our opinion, plaintiff's

primary object in executing the separation agreement was to insure her own support so long as she remained alive and unmarried, although the agreement permitted the termination of such support on the death of her husband if he disposed of his assets by will or gift *causa mortis*. But to construe the agreement as: (a) permitting him to transfer all of his assets to his new wife; (b) permitting him to continue in his employment by a corporation, the stock of which he transferred to his codefendant; and (c) permitting the defendants to enjoy the benefits of all his assets while frustrating plaintiff's right to support, would be a construction which, by placing undue force on single words or phrases, would destroy one of the primary and dominant purposes of the separation agreement (cf. *Empire Props. Corp.* v. *Manufacturers Trust Co.*, 288 N. Y. 242, 248). Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.