John H. Pennock, J.
This is a motion by the defendant for a judgment dismissing the complaint on the grounds that the plaintiff is collaterally estopped from bringing this action and upon the further ground the complaint fails to state a cause of action. The motion was made pursuant to CPLR 3211 (subd. [a], pars. 5, 7).
The codefendants, Alfred T. Bowler and Pearl Dexter Bowler, were married on November 24,1961. Prior thereto the plaintiff was married to the codefendant, Alfred T. Bowler, and she secured a judgment of divorce by default on October 21, 1961, and was awarded $25 a week alimony. He failed to make any payments of alimony and the plaintiff caused a default judgment in the sum of $4,975 to be entered on September 4, 1964. On September 10, 1964, she attempted to enforce the judgment and this motivated the codefendant to move as she conveyed by deed certain premises to the husband codefendant prior to this judgment. Obviously the codefendant wife desires to protect her assets from any liens. It is averred by the codefendant wife that this conveyance was made at the request of the codefendant husband and on reliance that he had no creditors and no judgments at the time of the conveyance. In September, 1964, the codefendant, Pearl Dexter Bowler, learned that the plaintiff had filed a judgment against her husband as heretofore set forth in the County of Sullivan. She avers, ‘ ‘ she thereupon consulted her attorney herein and requested him to take some procedures with reference to this matter ”. (Referring to the default judgment taken against her husband the codefendant.) The judgment was vacated by an order of the court dated November 9, 1964. On November 10, 1964, the codefendant husband, Alfred T. Bowler, conveyed back by deed his interest of the property *822 referred to herein. The plaintiff felt aggrieved by this act and commenced an action on January 11, 1965, to set aside the deed. The defendant then made this motion.
The complaint alleges that the codefendant, Alfred T. Bowler, had failed, neglected and refused to make payments of alimony pursuant to a judgment of absolute divorce. That the codefendant, Alfred T. Bowler, was the owner together with the codefendant, Pearl Dexter Bowler, of an undivided one-half interest of a certain valuable parcel of land, and that on of about November 10, 1964, the codefendant with actual iritent and for the purposes of hindering, delaying and defrauding the plaintiff, conveyed to the codefendant, Pearl Dexter Bowler, his entire interest. It further alleges that the conveyance was made to cover up, conceal the right, title and interest of the codefendant, Alfred T. Bowler, and was made without any consideration and/or for an inadequate consideration and with the intent to render the eodéfendant, Alfred T. Bowler, wholly insolvent’ and unable to pay to the plaintiff the money due pursuant to a judgment afore-mentioned. Aid that the eodefendaht, Alfred T. Bowler, would thereby be made able to evade his legal responsibilities and hinder and defraud and delay the plaintiff in. collecting the money due or to become due to her. It further alleges that the conveyance was fraudulent and void as to the plaintiff and that it resulted in causing the codefendant, Alfred T. Bowler, to become wholly insolvent and bankrupt, and that the plaintiff was a creditor as well as a future creditor of the codefendant, Alfred T. Bowler.
The complaint prayed for a judgment directing that the deed made by the codefendant, Alfred T. Bowler, to the codefendant, Pearl Dexter Bowler, be adjudged fraudulent, and declared to be null and void and of no effect. In addition it prayedffor other relief the substance of which is not necessary to review for purposes of this decision.
The codefendant claims plaintiff is not a creditor as defined within the Debtor and Creditor Law and is confined to seek remedy under the Domestic Relations'Law to enforce payments of alimony. The' court does not agree with this contention. The plaintiff has the right to assert her cause of action under article 10 of the Debtor and Creditor Law, section 270 to 279 inclusive, notwithstanding that her claim against the defendant husband was unliquidated and not matured to judgment. (Matthews v. Schusheim, 36 Misc 2d 918; American Sur. Co. v. Connor, 251 N. Y. 1.) And in connection with such cause of action she is also empowered' by statute (Debtor and Creditor Law, supra) to seek the appointment of a receiver if such relief is necessary *823 to preserve the assets of the creditor codefendant, husband. (Matthews v. Schusheim, supra.) This is prayed for in the complaint but there is no cross motion requesting such relief.
The court determines that the plaintiff was, by reason of the alimony provision of the judgment of absolute divorce, a creditor within the meaning of section 270 of the Debtor and Creditor Law. Under that judgment the codefendant was absolutely required to pay a fixed sum of money per week. The plaintiff thereunder had the right to require the fulfillment of the obligation. It has been held a wife’s right of support emiting from a separation agreement instead of by a decree of separation is Avithin the purvioAV of the statute. Although a separation agreement is contractual, this court cannot give more or loss ay eight to a separation agreement as compared Avith the alimony provision of a judgment. In discussing section 270 et seq. of the Debtor and Creditor Luav, Mr. Justice Cabdozo stated in American Sur. Co. v. Connor (251 N. Y. 1, 7, supra) as folloAvs: “ The act is explicit that a creditor may now maintain a suit in equity to annul a fraudulent conveyance, though his debt has not matured. * * * The act in its definition of a creditor seeks a rule of uniformity, and in so doing levels distinctions that at times had been the refuge of the dilatory debtor.”
The court determines the plaintiff herein is a “ creditor ” as defined in section 270 of the Debtor and Creditor Luav and has the right to bring this action predicated on the allegations as set forth in the complaint, to set aside the conveyance made by the codefendant husband Avhose purpose was to defeat any claim of hers for alimony even though her claim Avas not matured. (Leitman v. Leitman, 21 Misc 2d 653.)
The plaintiff has a right under section 279 of the Debtor and Creditor Luav to proceed to set aside any conveyance made by her husband which has for its purpose to defeat any claim of hers for alimony, even though her claim has not matured. (Enthoven v. Enthoven, 167 Misc. 686, affd. 256 App. Div. 813.) Further the complaint contains the essential allegations required to be pleaded in actions under the Debtor and Creditor Law, that the conveyance of the codefendant has caused him to be unable to pay his obligations to the plaintiff. All these questions must be determined by a trial.
The defendants’ contention that the plaintiff is collaterally estopped from bringing the action because the default judgment for alimony was vacated is without substance. The plaintiff is not put to a selection of remedies in resjject to collecting the debt owed, and as a matter of fact may bring an action under both the Debtor and Creditor Luav and the Domestic Relations *824 Law. One is not a condition precedent to the other. In any event since this motion was made a judgment was obtained by the plaintiff against the codefendant, Alfred T. Bowler, in the amount of $2,787.50 for alimony arrearages. The plaintiff in an offer of proof submitted an affidavit which contained a copy of this judgment to be considered as part of the papers on this motion. The court in the interest of justice accepts such proof. Regardless of the fact that this judgment conclusively determines the plaintiff as a ‘ * creditor ”, she was a “ creditor ” under the Debtor and Creditor Law and qualified to bring the action before such judgment was entered. The vacation and setting aside of the prior default judgment for alimony is not res judicata in respect to the instant cause of action. The court made no determination on the merits in this decision. The complaint alleges a cause of action and cannot be defeated by this motion. Therefore the court determines that the motion of the defendants in all respects is denied, with costs to the plaintiff of $20.