■ JUNE E. MARTIN, Respondent, v. KATHERINE A. MARTIN, Appellant.— Order of the Supreme Court, Queens County, dated November 15, 1966, which denied defendant's motion to dismiss the complaint on the ground that the action was barred by the Statute of Limitations, and judgment of said court entered May 5, 1967, after a nonjury trial, in favor of plaintiff against defendant in the sum of $10,745.26, affirmed, with one bill of costs. Plaintiff is the wife of Samuel Martin, defendant's brother. In April, 1959, plaintiff obtained a judicial separation from Samuel; the judgment provided for the payment of $100 a week alimony for the support of plaintiff and her child. In November, 1959, Samuel transferred securities worth about $7,000 to defendant. In May, 1961 plaintiff obtained a judgment against Samuel and defendant that the transfer of securities to defendant was fraudulent and void as against plaintiff and that Samuel was the sole owner of the securities; *inter alia,* the judgment ordered defendant not to transfer or otherwise dispose of the securities. Despite that provision in the judgment, in August, 1961 defendant sold the securities to an innocent purchaser for $6,874.37. In August, 1964, plaintiff obtained an order adjudging Samuel in contempt of court for failure to pay $5,804 arrears of alimony and $500 counsel fees; and the order made an additional award to plaintiff of $400 counsel fees and $60 disbursements. In October, 1964, plaintiff brought the present action against defendant, demanding that the sale of the securities by her be adjudged void as against plaintiff and that plaintiff have a money judgment against defendant in the sum of $6,764. In October, 1966, defendant moved to dismiss the amended complaint in this action, contending that the action is one to recover damages for injury to property; that such action is governed by the three-year Statute of Limitations (CPLR 214, subd. 4); that the cause of action arose in August, 1961, when she sold the securities; and that the action was not brought until October, 1964 and consequently is barred by the three-year Statute of Limitations. Special Term by the order under review denied the motion, holding that the action is one based on fraud; that it comes within the Debtor and Creditor Law; and that it consequently is governed by the six-year Statute of Limitations (CPLR 213). In our opinion, the motion to dismiss the amended complaint as time-barred was properly

denied. After the May, 1961 adjudication that the transfer of the securities from Samuel to defendant was fraudulent and void as against plaintiff, that Samuel was their owner and that defendant was prohibited from transferring them, defendant's continued possession of them was as Samuel's agent or alter ego; she thus stood in Samuel's shoes and, like him, could be sued under the Debtor and Creditor Law for fraudulently transferring (i.e., selling) the securi-. ties. We believe the action at bar can be construed as one brought for that relief. Alternatively,. we think this complaint can be deemed one based on constructive fraud, since after that May, 1961 adjudication defendant owed a legal duty to plaintiff not to divert or convert the securities owned by Samuel which were in her possession. Under either of these theories, the six-year Statute of Limitations in CPLR 213 is controlling and this action consequently was timely brought. With respect to the merits of the action, we need only note that the law and the facts fully support the judgment for plaintiff and the dismissal of the counterclaim, which is necessarily implied from the judgment for the full amount of plaintiff's claim (cf. *S.J.E. Bldg. Corp.* v. *Matt O.M. Constr. Co.*, 265 N. Y. 282). Christ, Acting P. J., Benjamin and Munder, JJ., concur; Brennan and Hopkins, JJ., dissent and vote to reverse the order and the judgment and to dismiss the amended complaint, with the following memorandum: The action seeks to recover from defendant, who is the sister of plaintiff's husband, the amount of arrears in alimony and counsel fees due plaintiff from the husband pursuant to a judgment of separation and various orders thereunder. Defendant's liability is predicated upon the facts that in a prior action by plaintiff against her husband and defendant it was adjudicated that a transfer of certain securities by the husband to defendant was fraudulent and null and void as against plaintiff; and that those securities were later disposed of by defendant. The instant action was instituted about three years and two months after the sale of the securities by defendant. In our opinion, the action is one for a tortious interference with plaintiff's property rights and is barred by the three-year period of limitations contained in CPLR 214 (subd. 4) (cf. *James* v. *Powell*, 25 A D 2d 1; *Alko Mfg. Corp.* v. *Neptune Meter Co.*, 20 A D 2d 635, affd. 16 N Y 2d 777; *Jay Bee Apparel Stores* v. *563-565 Main St. Realty Corp.*, 130 Misc. 23, 27, affd. 226 App. Div. 721).