■ ELSIE M. BENNETT, Respondent, v ROBERT H. BENNETT et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: Plaintiff is the former wife of defendant Robert Bennett who now resides in Florida with his present wife, defendant Helen Bennett. On April 23, 1968 Robert and Helen Bennett purchased realty in Geneva, New York, as tenants by the entirety. On October 24, 1973 Robert Bennett, by quit claim deed, conveyed his interest in the property to Helen Bennett. At the time of the conveyance he was in arrears of support and alimony payments to plaintiff pursuant to a separation agreement which had been incorporated, but not merged, into a Mexican divorce decree obtained by Robert Bennett in 1966. Plaintiff commenced this action to set aside the conveyance and a notice of pendency was filed in the Ontario County clerk's office on March 4, 1976. The complaint was served upon the defendants on March 24, 1976 and the answer was submitted on April 2, 1976. It appears that nothing further was done in the action until the defendants served the subject motion papers in March 1977 seeking cancellation of the notice of pendency. Special Term denied defendants' motion, and defendants appeal. They argue that the action is not one in which a *lis pendens* may be filed. It is urged that the underlying purpose of the suit is to enforce defendant Robert Bennett's personal contractual obligations under the separation agreement and is thus unrelated to the Geneva realty. They also contend that the *lis pendens* should be canceled because the action has not been diligently pursued. Accepting as we must, the truth of plaintiff's allegations (*Gross v Castleton Housing Corp.,* 271 App Div 980), we find that the complaint satisfies the requirements of article 10 of the Debtor and Creditor Law in asserting a cause of action to set aside a fraudulent conveyance (see *Rush v Rush,* 19 AD2d 846). She has alleged that she was at the time of the conveyance, and remains, a "creditor" of the defendant Robert Bennett (see Debtor and Creditor Law, §§ 270, 278, 279; *Enthoven v Enthoven,* 167 Misc 686, affd 256 App Div 813); that he conveyed his interest in realty without receiving fair consideration (see Debtor and Creditor Law, § 272); and that the conveyance was made for the purpose of creating an asset position whereby the defendant Robert Bennett would be unable to pay his debts to plaintiff (see Debtor

and Creditor Law, § 271, subd 1). A transfer of property under such circumstances is fraudulent as to creditors without regard to the intent of the grantor (Debtor and Creditor Law, § 273), but it is also alleged that the conveyance was made with the actual intent to defraud the plaintiff. In essence, it is plaintiff's claim that her former husband, no longer a New York resident, has attempted "to render [himself] judgment proof by transferring property in fraud of creditors" *(Braunston v Anchorage Woods,* 10 NY2d 302, 305). Her action is one in which a *lis pendens* may properly be filed since the judgment demanded will "affect the title to, or the possession, use of enjoyment of, real property" (CPLR 6501; see *Gross v Castleton Housing Corp.,* 271 App Div 980, *supra; Wittemann Bros. v Forman Bottling Co.,* 178 App Div 674; 7A Weinstein-Korn-Miller, NY Civ Prac, par 6501.6, and cases therein cited; 13 Carmody-Wait 2d, NY Prac, § 87:16, p 481). Nor do we find any merit to defendants' claim that the court abused its discretion in refusing to cancel the *lis pendens* for the alleged failure of the plaintiff to prosecute her action in good faith (see CPLR 6514, subd [b]). Special Term has broad discretionary powers on such a motion (see, e.g., *Bradley v East Williston Shopping Center,* 12 AD2d 934; *Beaumont v Beaumont,* 12 AD2d 589) and plaintiff's explanation that during the period of delay the parties were involved in related Family Court litigation which, because of Robert Bennett's absence from the jurisdiction, required the use of interrogatories, affords adequate justification for the delay. (Appeal from order of Ontario Supreme Court—notice of pendency.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Denman and Witmer, JJ.