OPINION OF THE COURT
Bentley Kassal, J.
motion
Plaintiff moves for partial summary judgment pursuant to CPLR 3212 (subd [e]) against all the defendants, except the People of the State of New York, thereby seeking to set aside an alleged fraudulent conveyance pursuant to section 273 of the Debtor and Creditor Law.
facts
In May of 1972, the defendant, Sydney Stein, personally guaranteed a loan made by plaintiff bank to the Outremer Development Corporation (Outremer). This loan was “rolled-over” numerous times by plaintiff until *771 Outremer defaulted in 1975, without having repaid any portion of the loan’s principal.
In September, 1973 the defendant, Sydney Stein, made a transfer of certain real property located in Nassau and Suffolk Counties to the Sydney Family Corporation, a New York close corporation owned by the defendant’s three children. The claimed consideration supporting said transfer was defendant’s love and affection for his children.
In June, 1976 the plaintiff obtained a judgment against the defendant Stein for $231,000 stemming from the Outremer default. In addition, the guarantee provided for payment of attorney’s fees, bringing the total indebtedness of the defendant to $277,000, of which $4,500 has been paid.
LAW
In the instant motion, plaintiff is seeking partial nummary judgment as to the second cause of action on the ground that the transfer of property from defendant, Sydney Stein, to the Sydney Family Corporation constituted a fraudulent conveyance pursuant to the provisions of section 273 of the Debtor and Creditor Law. Plaintiff contends that it must establish four facts in order to meet this section’s requirements, namely, (1) that Sydney Stein made the transfers, (2) that he was indebted to plaintiff at the time he made the transfers, (3) that the transfers were made without a fair consideration, and (4) that Sydney Stein was either insolvent at the time he made the transfers or rendered insolvent by them.
It is not disputed that Sydney Stein made the transfers in question. Defendant Sydney Stein’s indebtedness to plaintiff at the time of the transfers is clearly established by the breadth of the Debtor and Creditor Law’s definitions of terms as follows:
“§ 270. ‘Creditor’ is a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent.
“ ‘Debt’ includes any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent.”
Defendant, Sydney Stein, states that the consideration *772 for these transfers was his love and affection for his children, an allegedly valid consideration if, as defendant contends, the Debtor and Creditor Law does not govern this action. It is clear, however, that the statute is controlling and that the claimed consideration is insufficient as a matter of law. (Rush v Rush, 19 AD2d 846.)
The issue of whether or not defendant, Sydney Stein, was insolvent prior to the transfers or was- rendered insolvent thereby must be resolved based upon the Debtor and Creditor Law’s definition of insolvency. Subdivision 1 section 271 defines this term as follows:
“A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured.” (Emphasis added.)
Under this section, probable liability, and not absolute liability, on existing debts is required. (Commercial Trading Co. v Potter Securities Corp., 26 AD2d 761, 762.) Given this statutory standard, it is determined that defendant Sydney Stein’s guarantee to plaintiff of the Outremer loan is such a probable liability of Stein’s which must, therefore, be considered in determining his solvency at the time of the transfers. This contingent liability to plaintiff was a debt in the amount of $231,000, which sum itself far exceeds the present fair salable value (no more than $110,000) of the assets that defendant, Sydney Stein, himself admits to having possessed when he made the transfers to the Sydney Family Corporation. It is clear, then, that said defendant was, at least, rendered insolvent by these transfers if, indeed, he had not been insolvent prior to making them.
Plaintiff has sustained its burden of proving that each of the requirements of section 273 of the Debtor and Creditor Law covering fraudulent conveyances has been met in this case, while defendants have failed to raise any triable, material factual issues undermining this conclusion.
CONCLUSION
For these reasons, the partial summary judgment is granted and the conveyances by defendant, Sydney Stein, *773 to the Sydney Family Corporation are set aside as fraudulent and violative of subdivision 1 of section 278 of the Debtor and Creditor Law.
Since there is no finding on this motion of actual intent to defraud plaintiff by this conveyance, this court may not fix attorney’s fees. (See Debtor and Creditor Law, § 276-a.) That part of plaintiff’s motion is denied without prejudice to renewal at trial where the issue of actual fraud will be determined in that part of the cause of action on which partial summary judgment was not sought.