OPINION OF THE COURT
Ralph Diamond, J.
The applications before the court raise an issue of first impression, to wit: Does a former wife who is entitled by contract to inherit 20% of her former husband’s net taxable estate, on the conditions that she remained unmarried and survive the former husband, have standing to seek, and further, does this court have jurisdiction to grant an injunction, permanently enjoining and prohibiting the former husband from transferring or encumbering any portion of his assets during his lifetime?
FACTS
The parties herein were married on December 27, 1959. There are three emancipated issue of the marriage. On May 27, 1976, the parties executed a stipulation of settlement which provided in paragraph (k) that "the husband agrees that his Last Will and Testament, in effect at the time of his death, shall provide the following: (1) a gift, devise and/or bequest to the wife, if she shall remain unmarried and survive the husband, of twenty (20%) percent of his net taxable estate * * * (3) the husband and wife further agree that said provisions and gifts shall constitute a charge against the husband’s estate and upon default, if any, the wife * * * shall be entitled to a first lien against and to sue the husband’s estate for the sums amounting to the bequests provided herein-above.” By judgment dated May 28, 1976, the parties were divorced.
On or about January 16, 1987, the plaintiff received a letter from a Mr. Albert E. Johnson. The letter stated that Mr. Johnson was the former husband’s authorized representative and that he was writing to the former wife to assist the former husband’s estate-planning efforts. The letter indicated that the former husband’s health was failing and that it was the former husband’s intention to transfer all of his assets to his present wife. The former husband offered to execute a new agreement which would provide the former wife with $100,000 immediate lump-sum cash payment, a life insurance policy on *228 the former husband’s life naming the former wife as beneficiary in the amount of $350,000, and forgiveness of a $7,500 loan.
Thereafter, on or about February 5, 1987, the former wife commenced an action by service of a summons and complaint against the former husband and Albert Johnson, seeking the following relief: on the first and second causes of action, an order permanently enjoining and prohibiting the defendants from transferring or encumbering any portion of the former husband’s assets; and on the third cause of action an order adjudging the former husband in contempt and awarding the former wife a money judgment for unpaid support and maintenance.
By order to show cause dated February 11, 1987, the former wife seeks an order temporarily restraining the former husband from any disposition of his property during the pendancy of the action. The order to show cause signed by the Honorable Ralph Yachnin enjoined the defendants from transferring any property owned by the former husband pending a hearing on the motion.
After numerous and exhaustive settlement efforts by counsel and the court proved unsuccessful, the former husband brought the instant notice of cross motion which seeks an order dismissing the complaint pursuant to CPLR 3211 (a) (7) in that it fails to state a cause of action upon which relief may be granted.
PLAINTIFF FORMER WIFE’S ARGUMENTS
The former wife contends that pursuant to the agreement executed by the parties on May 27, 1976, which gives her the right to inherit 20% of the former husband’s net taxable estate on the conditions that she remain unmarried and survive him, she is a creditor with an unmatured claim and as such is entitled to set aside any fraudulent transfers by the former husband which would serve to defeat her unmatured claim. The former wife relies upon section 270 of the Debtor and Creditor Law which defines a creditor as any "person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed, or contingent.” She cites Martin v Martin (29 AD2d 864), Rush v Rush (19 AD2d 846), Bowler v Bowler (46 Misc 2d 821), and Enthoven v Enthoven (167 Misc 686) in support of her position. In these cases, a former husband had transferred all his assets to a third party *229 rendering him unable to comply with the support provisions contained in a separation agreement. The courts held that by virtue of the existence of the support provisions contained in the separation agreement, the wife was a creditor as defined by section 270 of the Debtor and Creditor Law and as such had the right to seek to set aside any transfer which rendered the former husband insolvent as fraudulent. The former wife herein argues by analogy that by virtue of the inheritance provision contained in the parties, agreement dated May 27, 1976, she is a creditor and as such she may seek not only to set aside a fraudulent transfer but to prevent the possibility of a fraudulent transfer by obtaining a permanent injunction prohibiting any transfer of the former husband’s property during his lifetime.
The former wife also relies upon Matter of Granwell (20 NY2d 91), wherein the Court of Appeals in a proceeding for judicial settlement of the account an executrix held that the issue of the marriage was a creditor by virtue of certain terms of a separation agreement and as such was entitled to set aside particular transfers made by the child’s father as fraudulent.
THE DEFENDANT FORMER HUSBAND’S POSITION
The former husband contends that the wife’s action for a judgment declaring her entitled to inherit 20% of the former husband’s net taxable estate and enjoining him from disposing of his property is premature. Citing Allen v Payson (170 Misc 759) he asserts that a cause of action for an alleged breach of an agreement to make a provision for a testamentary disposition does not accrue until the death of the testator. It is the former husband’s position that the former wife may not maintain a cause of action until the death of the former husband and that upon his death the former wife is relegated to pursue any claim she may have by means of the procedures set forth in the Surrogate’s Court Procedure Act. Further, the former husband argues that in order for the court to grant relief there must be a justiciable controversy before the court. The court may not rule on academic, hypothetical or moot questions. As the former husband has executed a will in compliance with the agreement dated May 27, 1976, the former wife’s rights under the agreement cannot be adjudicated until the death of the former husband.
The former husband distinguishes Martin v Martin (supra), *230 Enthoven v Enthoven (supra) and Rush v Rush (supra), relied upon by the former wife as cases involving current, ongoing support obligation. He cites In re Searles’ Will (82 NYS2d 219) and Matter of Ullman (56 Misc 2d 495) wherein the Surrogate’s Court held that a separation agreement which provides for a testamentary bequest is not a promise to pay a sum of money but a promise to make a will containing certain provisions.
Finally, the former husband contends that the complaint should be dismissed as moot. Regarding the cause of action for contempt, he asserts that he paid any outstanding arrears more than four months ago. Regarding the causes of action seeking a declaratory judgment that the former wife is entitled to inherit 20% of his net taxable estate and the application for an injunction prohibits transfer of his assets, the former husband indicates he has rescinded the letter dated January 16, 1987 and he has not, and will not, transfer all of his assets to his present wife.
ISSUE
Does the former wife’s complaint seeking a declaratory judgment setting forth her legal and equitable right to 20% of the former husband’s estate and further permanently enjoining him from transferring or encumbering any portion of his estate set forth a cause of action upon which relief may be granted?
CONCLUSIONS OF LAW
The agreement executed by the parties on May 27, 1976 requires the former husband to make a will containing a provision bequeathing 20% of his net taxable estate to the former wife in the event that she remains unmarried and survives him. The agreement does not set forth a minimum dollar amount which must be left to the former wife, nor does the agreement in any fashion restrain the former husband’s disposition of his property during his lifetime. The agreement does not require the former husband to utilize his best efforts during his lifetime to maximize the value of his estate at his death nor does the agreement prohibit the husband from wasteful dissipation of his assets. The agreement does not prevent the husband from making gifts during his lifetime or contain any restrictions as to the manner in which the husband must manage or enjoy his assets during his lifetime. In *231 short, the agreement contains no mechanism to assure or guarantee that the former husband die possessed of an estate worth an established minimum value and provides the former wife with no right to compensation should the husband diminish his estate through unwise investment, wasteful spending or gifts made during his lifetime. While it is clear that the intent of the agreement dated May 27, 1976 was that the former wife inherit 20% of an estate of some value if she remain unmarried and survive the defendant the agreement contains no provision which prevents the former husband’s depletion of his assets during his lifetime in any manner in which he might choose. By asking the court to permanently enjoin the former husband from transferring or encumbering his assets during his lifetime, the former wife asks the court to afford her protections not contained in the parties’ agreement. As a general rule, a court may not rewrite an agreement to imply a term which the parties themselves failed to insert or which it thinks properly should have been included at the time of the execution of the agreement. (Martino v Martino, 103 AD2d 842; Pica v Pica, 96 AD2d 836; Tinter v Tinter, 96 AD2d 556.) The court must determine therefore whether the protections sought by the former wife are available under the laws of this State without the court’s imposition of modifications to the parties’ agreement.
Debtor and Creditor § 279 provides that where a conveyance is made which is fraudulent as to a creditor whose claim has not yet matured, the creditor may proceed in a court of competent jurisdiction against any person whom he could have proceeded had his claim matured, and the court may: (a) restrain the defendant from disposition of his property, (b) appoint a Receiver to take charge of the property, (c) set aside the conveyance, or (d) make any order which the case may require. A former wife with a contractual right to receive prospective support and/or maintenance is an unmatured creditor who may seek to set aside a fraudulent conveyance. (Bennett v Bennett, 62 AD2d 1154; Martin v Martin, supra; Rush v Rush, supra; Farino v Farino, 113 Misc 2d 374; Spear v Spear, 101 Misc 2d 341; Bowler v Bowler, supra.) A dependent wife separated from her husband has also been held to be a creditor entitled to set aside a fraudulent conveyance even though said wife’s right to support was not encompassed in either an agreement or a court order. (Kasinski v Questel, 99 AD2d 396; Soldano v Soldano, 66 AD2d 839.) Further, the Court of Appeals has determined in Matter of Granwell (su *232 pra) that in the context of a proceeding to settle the account of an executrix, a child who had a contractual right to inherit 50% of the father’s estate was a creditor as defined by Debtor and Creditor Law § 270, and as such could maintain an action to set aside a fraudulent conveyance. There appears to be, however, not a single precedent wherein a person with a contractual inheritance right has been permitted to maintain a proceeding during the testator’s lifetime to set aside a fraudulent conveyance or to restrain any and all conveyances during the testator’s lifetime.
A conveyance made by a person who is thereby rendered insolvent is fraudulent as to creditors without regard to actual intent if the conveyance is made without fair consideration. (Debtor and Creditor Law § 273.) Further, every conveyance made with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors is fraudulent. A person is insolvent when the fair salable value of his assets is less than the amount that will be required to pay his probable liability on existing debts as they become absolute and matured. (Debtor and Creditor Law § 271.) Actual intent to defraud has been defined as "deception intentionally practiced to frustrate the legal rights of another”. (Southern Indus. v Jeremias, 66 AD2d 178, 181; Debtor and Creditor Law § 273.) In Matter of Granwell (supra) the child who had a contractual right to inherit 50% of his father’s estate could not maintain an action to set aside a gift made by the father during his lifetime to his second wife when the making of the gift did not render the father insolvent and the gift was not made with actual intent to defraud.
The question remains as to whether or not the former wife herein can maintain a cause of action to enjoin the former husband from transferring or encumbering assets during his lifetime in order to prevent the possibility that he will make a transfer which will render him insolvent or will be made with actual intent to defraud the rights of the former wife.
The relevant statute herein (Debtor and Creditor Law § 279) empowers the court to take certain action to protect a creditor where a fraudulent conveyance has been made. The former wife has not cited nor has the court located an authority which would empower the court to totally or partially enjoin the disposition of a debtor’s assets on the basis that a proposed, prospective transfer might render the debtor insolvent or if made, will be made with actual intent to defraud. Further, the language of the statute also raises the question *233 as to whether or not the former wife herein could maintain an action under the statute even in the event a transfer, alleged to be fraudulent, had been made. Debtor and Creditor Law § 279 provides that a creditor with an unmatured claim may proceed in a court of competent jurisdiction against any person he could have proceeded against had his claim matured. The claim of the former wife herein will not mature until, and if, upon the death of the former husband, she survives him and remains unmarried. The former wife could not proceed against the former husband upon maturation of her claim because only his demise will trigger the maturation. Further, while a transfer during the former husband’s lifetime may render him insolvent at that particular point in time, this would not necessarily imply that he would be insolvent upon his death. Financial circumstances could go through a multitude of changes due to such factors as the death of the present wife, divorce from the present wife, inheritance to the former husband, gift to the former husband, changes in the husband’s health, ability to earn, and general economic factors. Similarly, the same factors may have heretofore altered the value of the former husband’s assets from the time of the execution of the parties’ agreement until the time of the commencement of the action by the former wife and may continue to modify the value of the former husband’s property up Until the time of his death.
The wife’s causes of action which seek an order of this court declaring her legal and equitable right to inherit 20% of the former husband’s net taxable estate and for a further order permanently enjoining and restraining him from any and all dispositions of his assets during his lifetime in order to protect the former wife, as an unmatured creditor from the prospective possibility that the former husband may make a transfer of his assets which will render him insolvent or may transfer all or part of his assets with the actual intent to defraud her rights as an unmatured creditor, fail to state a cause of action upon which the court may grant relief. (CPLR 3211 [a] [7].)
As the question is not presently before the court, the court does not address the issue as to whether or not the former wife could maintain an action during the husband’s lifetime to set aside a fraudulent conveyance, and this determination is without prejudice to any and all rights which the former wife may have to proceed in the Surrogate’s Court upon the former husband’s demise.
Regarding the wife’s action for a declaratory judgment *234 establishing her legal and equitable right to inherit 20% of the husband’s net taxable estate, there is no dispute that the former husband has executed a will in accordance with the agreement dated May 27, 1976. The former wife has alleged that the former husband’s present net worth is 5 or 6 times greater than at the time of the execution of the parties’ agreement. It is not possible at this time to predict the value of the former husband’s estate upon his demise and there is no basis, as heretofore determined, upon which the court can "freeze” the former husband’s assets so that the wife will be assured that her inheritance will be guaranteed to be a certain amount.
Regarding her claim for a judgment for arrears for support and maintenance and her application to punish the former husband for contempt, the former wife does not dispute that all arrears have heretofore been paid. The cause of action seeking to punish the former husband for contempt and for a money judgment is moot. The request by the wife for an award of counsel fees, costs and disbursements is denied. Neither the parties’ agreement nor the Debtor and Creditor Law contain any provision which would empower the court to award counsel fees.
Based upon the foregoing findings of fact and conclusions of law, it is hereby
Ordered that the application by the former wife for an order restraining the former husband from any disposition of his assets during the pendancy of the action is denied, and it is further,
Ordered that the motion by the former husband for an order dismissing the complaint is granted on the basis that the first and second causes of action fail to state a cause of action upon which relief may be granted and the third cause of action is moot.