■ August Josefsson, Appellant, v Donald J. Keller et al., Respondent.—In an action, *inter alia,* for specific performance of a purported option to purchase real property, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered September 2, 1987, which, after a nonjury trial, dismissed the complaint, canceled a lis pendens which the plaintiff had filed against the prop-

erty, and awarded the defendants costs, and expenses of $49,159.95 pursuant to CPLR 6514 (c).

Ordered that the judgment is modified, on the law and the facts, by reducing the expenses awarded to the defendants from $49,159.95 to $39,189.75; as so modified, the judgment is affirmed, with costs to the defendants.

The trial court's determination that no viable option agreement exists which the plaintiff may enforce against the defendants is amply supported by the record. The plaintiff's option to purchase certain real property was contingent upon the defendant Keller's exercise of a separate option. The defendant Keller did not exercise his option in accordance with the terms thereof, and, therefore, in the absence of the triggering event, the plaintiff's option to purchase certain real property never came into effect (see, Heller v Pope, 250 NY 132; Piazza v Sutherland, 53 Misc 2d 726; 3A Warren's Weed, New York Real Property, Options §§ 2.04, 6.01 [4th ed]).

The trial court also correctly determined that the plaintiff did not commence this action and file the lis pendens in good faith (see, Beaumont v Beaumont, 12 AD2d 589; cf., Bennett v Bennett, 62 AD2d 1154; Bradley v East Williston Shopping Center, 12 AD2d 934). Accordingly, we find that the trial court properly exercised its discretion in awarding the defendants costs and expenses pursuant to CPLR 6514 (c) occasioned by the filing of a lis pendens by the plaintiff (cf., Bromberg v Morton V. Ellish, Inc., 107 AD2d 778). However, upon our review of the record, we conclude that the defendants failed to substantiate their claim for $12,370.20 in attorneys' fees and disbursements. The only evidence adduced as to the issue of attorneys' fees was the testimony of one of the defendants' attorneys to the effect that trial time was billed at the rate of $800 per diem. We, therefore, reduce the award of attorneys' fees to $2,400 to reflect compensation for the defendants' counsel's time only for the three-day trial.

We have considered the plaintiff's remaining contentions and find them devoid of merit. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.