■ ST. TERESA'S NURSING HOME, Appellant, v MICHAEL VUKSANOVICH et al., Respondents. [702 NYS2d 92] —In an action to set aside a conveyance pursuant to Debtor and Creditor Law article 10, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated October 27, 1998, as denied its motion for summary judgment. The appeal brings up for review so much of an order of the same court, dated April 21, 1999, as, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated October 27, 1998, is dismissed, as that order was superseded by the order dated April 21, 1999, made upon reargument; and it is further,

Ordered that the order dated April 21, 1999, is reversed insofar as reviewed, on the law, the plaintiff's motion for summary judgment is granted, the order dated October 27, 1998, is vacated, and the matter is remitted to the Supreme Court, Orange County, for entry of an appropriate judgment; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In 1987 the defendants, Michael Vuksanovich and his wife Delia, purchased a parcel of real property in Wallkill. In 1992 the defendants deeded a one-third interest in the property to Peter Vuksanovich, Michael's father. In 1994 the property was subdivided into parcels referred to herein as Lot 1 and Lot 2. In May 1995 Peter transferred his one-third interest in Lot 1 to the defendants, and they transferred their interests in Lot 2 to Peter.

Peter was hospitalized in November 1995. On December 11, 1995, Peter executed a deed in which he transferred ownership of Lot 2 to the defendants as tenants by the entirety and to himself as joint tenant. On December 20, 1995, Peter was admitted to the plaintiff, St. Teresa's Nursing Home (hereinafter the nursing home), where he remained until his death on July 8, 1996. Peter's interest in Lot 2 was conveyed to the defendants upon his death by operation of law. There is no

indication in the record that there was any consideration for these intrafamily conveyances of the subject property.

The nursing home commenced this action, *inter alia*, to set aside the December 11, 1995, conveyance pursuant to Debtor and Creditor Law § 273. The nursing home contended that the conveyance was made without fair consideration, that the conveyance rendered Peter's estate insolvent, that the defendants had falsely stated on Peter's nursing home admission application that he had not transferred assets in the three years before his admission, and that the unpaid charges for his care totalled approximately $29,560. The Supreme Court denied the nursing home's motion for summary judgment.

Pursuant to Debtor and Creditor Law § 273, a conveyance made by a person who will be rendered insolvent thereby is fraudulent as to creditors without regard to his or her actual intent if the conveyance was made without fair consideration. Assuming that Peter's conveyance of one-half of his interest in Lot 2 to the defendants on December 11, 1995, was made without fair consideration, the nursing home failed to establish as a matter of law that the transfer rendered Peter insolvent. As the Supreme Court noted, the 1992 deed which reflects that the entire parcel purchased in 1987 was encumbered by a $600,000 mortgage indicates that Peter's one-half interest in Lot 2 was not without value.

The nursing home did establish, however, that the conveyance of Peter's one-half interest in Lot 2 to the defendants as the surviving joint tenant upon his death was prima facie a fraudulent conveyance (*see, Matter of Granwell,* 20 NY2d 91; *Gallagher v Kirschner,* 220 AD2d 948; *Kozyra v Goldstein,* 146 Misc 2d 25). There is no dispute that the conveyance rendered Peter's estate insolvent. Furthermore, family affection which the defendants claim formed the consideration for the intrafamily conveyances does not constitute "fair consideration" for purposes of Debtor and Creditor Law article 10 (*see, Rush v Rush,* 19 AD2d 846; *Farino v Farino,* 113 Misc 2d 374; *Marine Midland Bank v Stein,* 105 Misc 2d 768; Debtor and Creditor Law § 272).

The defendants failed to present evidentiary proof sufficient to raise a triable issue of fact regarding their contention that they remained at all relevant times the equitable owners of Lot 2 and are entitled to the imposition of a constructive trust (*see generally, Sharp v Kosmalski,* 40 NY2d 119). Accordingly, the nursing home is entitled to payment of its claim from Peter's one-half interest in Lot 2 which was transferred to the defendants upon his death. The matter is remitted to the

Supreme Court, Orange County, for entry of an appropriate judgment. Sullivan, J. P., Krausman, McGinity and H. Miller, JJ., concur.