William J. Regan, S.
By this proceeding petitioner seeks a • determination that a money judgment held by her against the estate of Everett B. Dickie, deceased, is a lien on an undivided one half of all the real estate that was owned by Everett B. Dickie at the time of his death together with his wife, Buth L. Dickie, as tenants by the entirety. Petitioner contends that the death of Everett B. Dickie in 1961, while, he was indebted to Ms then surviving mother, Anna E. Dickie, in a sum upwards of $8,500, was and did constitute a transfer and conveyance to Ms wife of Ms real property, all owned prior to his death jointly with Ms wife, and was, as to a moiety of the same, void under section 273 of the Debtor and Creditor Law because the transfer thereby rendered Ms estate wholly insolvent. Petitioner seeks permission to execute and levy against said undivided half of such real property to satisfy and pay said money judgment. Bespondent contends that the interest acquired by her as surviving tenant by the entirety is free and clear of any and all debts, claims or liens against her deceased husband.
The facts are not controverted. The property involved consists of two pieces of real property that were conveyed by the deceased during Ms lifetime to himself and Ms wife as tenants by the entirety and another piece of real property that was purchased by the deceased and his wife in their joint names as tenants by the entirety.
It is to be noted that in prior litigation in the Supreme Court (Whitcomb v. Dickie, 27 A D 2d 689) it was held that at the *977 time of the conveyances from the deceased to himself and his wife there was good consideration and the court refused to set aside the transfers as being in fraud of creditors.
Petitioner in this proceeding relies strongly on the recent decision rendered by the Court of Appeals in Matter of Granwell (20 N Y 2d 91) wherein generally it was held, among other things, that if decedent had an interest in property which at his demise was gratuitously transferred to his second wife, leaving his estate insolvent, the transfer was fraudulent without regard to his actual intent. While this decision concerns personalty only, petitioner contends that the same rule applies to real property. This is the issue that is now presented to this court. Respondent contends that the Granwell decision does not pertain to the real property held by husband and wife as tenants by the entirety.
The Granwell decision appears to distinguish joint tenancies and tenancies by the entirety. The Court of Appeals (p. 95) points out that when a husband opens a joint account it is presumed that he intends “ ‘ a joint tenancy with his wife ’ ’ ’ and she thereby receives a gift of a “ ‘ moiety ’ ” or one half of the value of the property on deposit. (Matter of Bricker [Krimer] v. Krimer, 13 N Y 2d 22, 27-28.) When a joint tenant has unre- . stricted power to dispose of his moiety of a bank account it may not be said that an ‘ irrevocable title ’ ’ to this portion of the property was vested in someone else at the time the account was opened.
In speaking of jointly owned property the principle that is apparently applied is that although a transfer of interest was projected at the time the joint account was created, it is not actually completed until the death of the maker of the joint account, at which time the transfer is regarded as gratuitous, and, if his estate is thereby rendered insolvent the transfer becomes fraudulent as to creditors under section 273 of the Debtor and Creditor Law. The ‘ ‘ gratuitous transfer ’ ’ is determined as of the time of death.
Where real property is owned by husband and wife as tenants by the entirety there is no transfer at the time of death, nor does the surviving spouse acquire his or her interest by reason of the survivorship. As quoted in Matter of Lyon (233 N. Y 208, 211): “ Husband and wife were not joint tenants. One did not acquire the rights and property of the other by survivorship. The fee was indivisible. As an entirety it was vested in both. For this purpose they were considered one and not two. On the death of either the fee vested in the other, not because there was a transfer of any part of the estate, but because the survivor was the representative of the single ownership ’
*978 No act of the husband and no judgment against the husband can affect the wife’s right of survivorship in estates by the entirety, since the right could be destroyed only by dissolution of marriage or by joint act of both husband and wife. (Finnegan v. Humes, 163 Misc. 840, mod. 252 App. Div. 385.)
The peculiar characteristics applied to tenancies by the entirety have been repeated by our courts throughout the years. Again, in Hiles v. Fisher (144 N. Y. 306, 312) the definition applicable to tenants by the entirety has not changed. It was therein stated that: “ The grand characteristic which distinguishes a tenancy by the entirety from a joint tenancy is its inseverability, whereby neither the husband nor the wife, without the assent of the other, can dispose of any part of the estate so as to affect the right of survivorship in the other. * * * Each is said to be seized of the whole estate, and they do not take by moieties ’ ’.
The court concludes that the rationale developed in the Gran-well case is not intended to apply to. real property held by husband and wife as tenants by the entirety.
In view of the above it is the decision of this court that the real property acquired by Ruth L. Dickie by reason of the death of Everett B. Dickie, her deceased husband, is not, nor is any part thereof subject to any claims, demands or judgments possessed by the creditors of Everett B. Dickie. The petition is accordingly dismissed.