■ County of Dutchess, Appellant, v Dutchess Sanitation Services, Inc., et al., Respondents. — In an action pursuant to article 10 of the Debtor and Creditor Law, plaintiff appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated August 19, 1981, which denied its motion for summary judgment. Order reversed, on the law, without costs or disbursements, and motion granted. In its complaint, the county alleges (1) that it is a creditor of defendant Dutchess Sanitation Services, Inc. (Dutchess Sanitation); (2) that Dutchess Sanitation conveyed certain real estate to codefendant F.I.C.A.; (3) that these conveyances, having been for $1 each, were made without fair consideration; and (4) that Dutchess Sanitation was thereby rendered insolvent. Attached to the complaint are nine deeds showing the conveyances of the subject properties for $1 each, and reciting that each deed is filed in conjunction with and pursuant to the dissolution of Dutchess Sanitation. Also attached to the complaint is an order in a separate action by the

county against Dutchess Sanitation, which granted the county partial summary judgment on three of five causes of action, apparently for breach of contract. The same order, however, restrained the county from entering judgment pending the resolution of other issues in that case. However, another order in that same separate action was submitted on the instant motion. This order, made upon the county's motion after the conveyance in question, granted the county permission to enter judgment against Dutchess Sanitation on the causes of action as to which summary judgment was granted. In their answer, defendants admit that the conveyances were made, but deny that they were for $1 each and without consideration, that they rendered Dutchess Sanitation insolvent, and that the county is its creditor. On the motion for summary judgment, defendants submitted in opposition an affirmation of their attorney, who represented that he had personal knowledge of all the facts pertinent to this litigation, and particularly of the corporate dissolution in which he acted as defendants' attorney. In this affirmation, it is admitted that "[t]he value of the premises which are the subject of this Instant Action overwhelm the dollar claim made by plaintiff County." Special Term denied summary judgment. It found that, among others, the question of intent to defraud remained a triable issue of fact. We disagree. The county has stated a cause of action under section 273 of the Debtor and Creditor Law to set aside a fraudulent conveyance. Under this section, actual intent to defraud need not be proven, as distinguished from an action under section 276 of the Debtor and Creditor Law (see *Trustees of Hamilton Coll. v Cunningham,* 70 AD2d 1048). The intent to defraud, therefore, is not a triable issue of fact in this case. As to the other elements of the county's action, there only remains the issues of fair consideration, Dutchess Sanitation's insolvency, and the county's position as a creditor. The fact that the conveyances were made is admitted by defendants. The county has submitted the two orders from its other action, granting partial summary judgment on three of its causes of action and permitting the entry of a judgment thereon. These demonstrate that the county not only has claims against Dutchess Sanitation (see Debtor and Creditor Law, § 270; *American Sur. Co. of N. Y. v Conner,* 251 NY 1), but that these claims have been sustained on their merits. There is no triable issue of fact, therefore, as to the county's position as a creditor. On the issues of fair consideration and insolvency, the uncontroverted documentary evidence of the nine deeds demonstrates that each conveyance was for $1, and that each was made in conjunction with and pursuant to a plan for corporate dissolution. Defendants, through their attorney, have admitted that the value of the conveyed properties exceeds the debt claimed by the county. A fortiori, it will exceed the $1 paid for each property. It is true that the allegation that $1 was the only consideration paid for each of the subject conveyances was denied by defendants in their answer. Nonetheless, on the motion for summary judgment defendants presented no facts of an evidentiary nature to contradict the county's documentary proof (i.e., the deeds) that $1 was the sole consideration for each conveyance. Therefore, the fact that a fair consideration was not given in exchange for the property conveyed has been conclusively proven (see Debtor and Creditor Law, § 272) and a trial is not warranted on this issue. Likewise as to the issue of insolvency. The documentary evidence shows that the subject conveyances were part of a plan for corporate dissolution. Defendants, through their attorney, admit to this dissolution. The conveyances, therefore, have been shown to be part of a plan in which all of the assets of Dutchess Sanitation have been or will be distributed (see Business Corporation Law, § 1005). Defendants have neither shown, nor even suggested, anything to the contrary. Thus, Dutchess Sanitation, having, or about to have,

no salable assets, has been conclusively proven to be insolvent (see Debtor and Creditor Law, § 271). Accordingly, each of the elements of the county's cause of action having been conclusively proven by documentary evidence or defendants' admissions, summary judgment in favor of the county is mandated (see CPLR 3212, subd [b]). Titone, J. P., Mangano, Weinstein and O'Connor, JJ., concur.