■ WILLIAM A. SCHMITT, as Trustee of CHARLES L. TELLERDAY, Bankrupt, Appellant, et al., Plaintiffs, v GEORGE B. MORGAN et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Zeller, J.),

entered July 20, 1983 in Delaware County, which denied plaintiff William A. Schmitt's motion for summary judgment. In 1976, plaintiffs Charles and Mary Tellerday deeded their farm in Delhi, Delaware County, to defendant Nancy Adler, the wife of defendant Cyrus Adler, who owned the adjoining farm. Cyrus Adler was also an attorney who, in the course of representing the Tellerdays in another matter, learned that Charles Tellerday was having severe financial problems. According to Cyrus Adler, he wanted to help the Tellerdays by permitting them to remain in their home despite the imminent foreclosure of the mortgage on their property. Adler stated that he arranged for the Tellerdays to convey their farm to Nancy Adler pursuant to an oral agreement whereby she would assume the $57,000 mortgage on the Tellerdays' property, would make payments on a wood furnace installed in the Tellerdays' house, would pay back taxes on the property, would allow the Tellerdays to live on the property rent free, and would eventually convey 10 acres of the farmland to the Tellerday sons. Charles Tellerday denied that such agreement was reached and claimed that he signed a blank piece of paper for Cyrus Adler. The deed conveying the Tellerday farm to Nancy Adler cited consideration of $1, noted that the transaction was exempt from transfer tax, and was recorded on August 20, 1976. Thereafter, Cyrus Adler arranged to sell both his farm and the Tellerday farmland to defendant George B. Morgan. This deal fell through because of a *lis pendens* filed against the Adlers' property by Cyrus Adler's former spouse. Morgan did agree to purchase the Tellerday farm from Nancy Adler for $85,000, with $26,000 down and a $59,000 mortgage. When Morgan learned of the oral agreement between Nancy Adler and the Tellerdays, he insisted that the Tellerdays execute a release, which Adler secured. Charles Tellerday again claimed that he signed only a blank piece of paper. Thereafter, Morgan completed the purchase of the property, paying the down payment by check. On August 29, 1977, Charles Tellerday was adjudicated a bankrupt and plaintiff William A. Schmitt was elected as the trustee in bankruptcy. This action was commenced alleging that both the transfer from the Tellerdays to Nancy Adler and the subsequent transfer from Nancy Adler to Morgan were fraudulent, that defendants had conspired to defraud the Tellerdays' creditors, and that the release executed by the Tellerdays was void for lack of consideration. Plaintiffs sought to have the Tellerday property turned over to them or, in the alternative, judgment for the fair and reasonable value thereof, a declaration that the release was illegal, and attorney's fees pursuant to section 276-a of the Debtor and Creditor Law. Plaintiff Schmitt moved for summary judgment against all defendants. Special Term denied the motion after finding that issues of fact existed. This appeal followed. Under section 273 of the Debtor and Creditor Law, any transfer made by an insolvent debtor for less than "fair consideration" is fraud as against his creditors without regard to the actual intent of the transferee (see *County of Dutchess v Dutchess Sanitation Servs.*, 86 AD2d 884, 885, app dsmd 56 NY2d 1033). "Fair consideration" is given for property when, as a fair equivalent therefor and in good faith, property is conveyed or an antecedent debt is satisfied, or when the property is received in good faith to secure a present advance or antecedent debt in an amount not disproportionately small as compared with the value of the property (Debtor and Creditor Law, § 272). In this case, we are not presented with any expert documentary evidence of the value of the Tellerday farm. Morgan, however, did agree to purchase the property for $85,000 and it appears from the record that the property has since been sold at a foreclosure sale for $91,400. It is also uncertain whether the consideration given by Nancy Adler to the Tellerdays in exchange for their farm was the $1 recited in the deed or the items which made up the oral agreement which Cyrus Adler arranged. We conclude that regardless of whether the fair value of the

property was $85,000, $91,400 or more, and regardless of whether the consideration was $1 or the items included in the oral agreement, fair consideration was not given and summary judgment should have been granted as against the Adlers. If the consideration was $1, then it is plain that fair consideration was not received by the Tellerdays considering the range of values their property was worth. If the consideration consisted of Nancy Adler's promises to take over the payments on the mortgage, furnace and taxes, to permit the Tellerdays to remain in the house rent free, and to convey 10 acres to the Tellerday sons, then, likewise, fair consideration was not given for the property. Such promises by Nancy Adler are akin to promises of future support, which are insufficient as a matter of law to be considered a fair equivalent of the property transferred (see *Matter of Oppenheim,* 269 App Div 1040; *Vinlis Constr. Co. v Roreck,* 67 Misc 2d 942, 946, affd 43 AD2d 911, mot for lv to app dsmd in part and den in part 35 NY2d 715). There being no fair consideration, and the other elements of section 273 of the Debtor and Creditor Law not being subject to serious dispute, summary judgment should have been granted as against the Adlers. A different result is required as against defendant Morgan because the record does not reveal his precise role in the contested transactions. Although Morgan purchased the property for $85,000 and paid Nancy Alder $26,000 as a down payment, he did not make serious inquiry about the consideration paid by Nancy Adler for the property after Cyrus Adler told him that such information was none of his business, and, thus, he may have had cause for concern about that transaction. Whether in doing such Morgan was shielding himself from knowledge that a fraudulent conveyance had occurred is unclear and needs resolution by the fact finder. Accordingly, Special Term should be affirmed on this issue. We also conclude that Special Term was correct in denying plaintiff Schmitt's motion for attorney's fees under section 276-a of the Debtor and Creditor Law. This section provides for attorney's fees only where an actual intent to defraud is found. No such finding has been made herein and, consequently, attorney's fees are inappropriate (see *Marine Midland Bank v Stein,* 105 Misc 2d 768). Order modified, on the law, by reversing so much thereof as denied plaintiff William A. Schmitt's motion for summary judgment against defendants Cyrus and Nancy Adler; summary judgment against said defendants granted; and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.