■ WILLIAM KASHAN, Appellant, v VINCENZA KOSOFF, as Administratrix of the Estate of MARVIN KOSOFF, Deceased, et al., Defendants, and VINCENZA KOSOFF, Also Known as VINCENZA CONIGLIO, Also Known as VINCENZA VIALE, Respondent. —In an action, *inter alia,* to recover damages arising from a fraudulent conveyance, plaintiff appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated August 12, 1983, which granted a motion for summary judgment brought by defendant Vincenza Kosoff in her individual capacity and dismissed the action as to her individually.

Order reversed, with costs, motion denied, and plaintiff is granted leave to serve an amended complaint. Plaintiff's time to serve an amended complaint is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry.

Respondent formerly known as Vincenza Coniglio, is the widow of Marvin Kosoff. Prior to their marriage, by deed dated July 18, 1980, they obtained title to property in East Quogue as joint tenants with the right of survivorship.

In the latter part of 1981, plaintiff was advised by Marvin Kosoff, his accountant, to invest in certain property in Queens and Southampton. Plaintiff turned over $61,000 for the purpose of that investment. Kosoff, however, fraudulently failed to invest plaintiff's money (as well as money of many other investors) and later became the subject of an investigation by the New York State Attorney-General. Rather than face prosecution, Kosoff committed suicide. The East Quogue property obtained in 1980 thereby passed to respondent.

Plaintiff's complaint is legally insufficient to state a cause of action to recover damages arising from a fraudulent conveyance since it merely alleges that respondent received the East Quogue property without payment of any consideration therefor. However, Special Term's determination to grant respondent's motion for summary judgment on the ground that the property was acquired more than one year prior to the time plaintiff gave any funds to the decedent is erroneous. Debtor and Creditor Law § 276 provides that: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

If plaintiff can establish that the joint property was purchased in contemplation of protection against future creditors whom decedent intended to defraud (as plaintiff alleges in his supporting papers), he may recover under Debtor and Creditor Law § 276 (*Matter of Rosenfield,* 213 NYS2d 1009, *affd* 18 AD2d 718). Further, if it can be proven that the transfer of the property by operation of law to respondent rendered decedent's estate insolvent (as plaintiff also alleges) plaintiff may recover to the extent of a one-half interest in such property (*see, Matter of Granwell,* 20 NY2d 91, *rearg denied* 20 NY2d 758). We have assumed, as evidenced by the record on appeal, that the property was held by respondent and Marvin Kosoff as joint tenants. In the event that the property at the

time of decedent's death was held by them as tenants by the entirety, plaintiff would not be entitled to recover in the absence of actual fraud (*Matter of Dickie,* 55 Misc 2d 976).

In light of our determination that the order of Special Term must be reversed, plaintiff is granted leave to serve an amended complaint. Mangano, J. P., Gibbons, Bracken and Kunzeman, JJ., concur.