■ RALPH COLOMBO et al., Appellants, v MARIA CAIATI et al., Defendants, and ANNA NIGRO et al., Respondents.—In an action, inter alia, to set aside a conveyance as fraudulent and for a declaration that a certain judgment is a lien against real property, the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated October 3, 1985, which, inter alia, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

In December 1979 the plaintiffs loaned to the defendant Maria Caiati the sum of $177,777.77 in Italian lira. On June 27, 1980, upon Caiati's default in repaying the loan, the plaintiffs commenced an action for money only against Cosmo and Maria Caiati (hereinafter action No. 1). During July 1980 Maria Caiati transferred certain real property to Lucrezia Mesto, her mother, without consideration. The plaintiffs alleged that this transfer was fraudulent and was made to hinder their ability to recover any judgment that they may obtain in action No. 1. Thus, on August 22, 1980, they commenced an action to set aside the conveyance (hereinafter action No. 2). The plaintiffs also filed a notice of pendency

against that property. On May 9, 1981, Mesto reconveyed the property back to Maria Caiati without consideration. Sometime in 1981 the plaintiffs became aware that Mesto had transferred the property back to Caiati.

In May 1979 Carmine DiBenedetto and Anna Nigro loaned $25,000 to Maria Caiati and took back a mortgage on the same real property. DiBenedetto and Nigro subsequently made additional loans of over $16,000 to Maria Caiati in April and May 1981 and received a second mortgage on the property. On January 21, 1982, primarily in satisfaction of the loans made by DiBenedetto and Nigro to Caiati, Caiati conveyed the property to DiBenedetto and Nigro. Subsequently, Nigro conveyed her interest in the property to Carmine and Mafalda DiBenedetto.

On July 6, 1982, in action No. 1, the Supreme Court, Schenectady County (Graves, J.), awarded the plaintiffs $177,777.77 as a result of Caiati's default on the loan made to her by the plaintiffs.

The instant action (action No. 3), to set aside the conveyance from Maria Caiati to Anna Nigro and Carmine DiBenedetto, and for a declaration that the judgment in action No. 1 is a lien on the property, was commenced on November 22, 1982. The primary issue on appeal is whether the conveyance to Nigro and DiBenedetto was supported by "fair consideration" (Debtor and Creditor Law § 272). We hold that DiBenedetto and Nigro obtained title to the property free of any claim by the plaintiffs.

The reconveyance from Mesto to Caiati rendered action No. 2 moot because both legal and equitable title reverted to Caiati (see, Seagirt Realty Corp. v Chazanof, 13 NY2d 282; see also, Valentine v Austin, 124 NY 400), and the plaintiffs had notice of the reconveyance. The very objective which the plaintiffs sought by commencing action No. 2 to set aside the fraudulent conveyance—to have title in the subject property restored to Caiati's name—was achieved. Thus, there was no underlying action which affected real property, and therefore the notice of pendency filed against the subject property could have no effect on subsequent transfers (see, e.g., Schoepp v State of New York, 69 AD2d 917; cf., Simon v Vanderveer, 155 NY 377).

We also agree that the subsequent conveyance to DiBenedetto and Nigro was made in payment of the antecedent debts of Caiati to those parties, and payment of taxes, repairs and utilities on the subject property. Thus, the conveyance was

supported by fair consideration *(see,* Debtor and Creditor Law §§ 272, 273-a). The plaintiffs have not met their burden of proving that this conveyance was fraudulent *(see, Gelbard v Esses,* 96 AD2d 573). Thus, the plaintiffs' complaint was properly dismissed as against the respondents.

We have considered the plaintiffs' other contentions and find them to be without merit. Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur. *[See,* 129 Misc 2d 338.]