Moshe G. Schwab et al., Respondents, v Edward Krauss, Appellant.

Third Department, March 7, 1991

APPEARANCES OF COUNSEL

*Levitz, Trossman, Mayerson & Zorn (Howard Levitz* and *Saul Jakubowitz* of counsel), for appellant.

*Schwartz, Kobb & Scheinert (Joel L. Scheinert* of counsel), for respondents.

## OPINION OF THE COURT

LEVINE, J.

In July 1984, defendant obtained a judgment in the amount of $36,893 against Allen Abrahams in Supreme Court, New York County. Some three months later, that judgment was docketed in Rockland County where Abrahams and his wife, Helen Abrahams, owned real property as tenants by the entirety. Subsequently, in May 1985, the Abrahamses filed a joint petition in bankruptcy; however, Allen Abrahams' debt to defendant was not discharged during the bankruptcy proceeding.

While in bankruptcy, the Abrahamses, in December 1986, attempted to sell their Rockland County property to plaintiffs without the consent of the trustee in bankruptcy. Plaintiffs concede on this appeal that the deed they received was void. The following November Allen Abrahams died, and in March 1988 plaintiffs obtained a second deed to the Rockland County property from Helen Abrahams' trustee in bankruptcy in exchange for an additional $10,000.

In April 1988, defendant sought to execute his previously acquired judgment lien on the property purchased by plaintiffs. Plaintiffs then commenced the instant action seeking a judgment declaring that they are the lawful owners of the property free of defendant's lien. Defendant counterclaimed for dismissal of the complaint and enforcement of his judgment. Plaintiffs then moved for summary judgment. Supreme Court denied that motion and granted defendant summary judgment dismissing the complaint. Upon reargument, Supreme Court reversed its initial decision and granted summary judgment in favor of plaintiffs, concluding that the tenancy by the entirety survived the filing of the joint petition and that, upon Allen Abrahams' death, Helen Abrahams'

interest in the property held by the trustee ripened into a fee absolute free from defendant's lien. This appeal by defendant followed.

Defendant's sole contention on this appeal is that the Abrahamses' filing of a joint bankruptcy petition and the resulting transfer into the bankruptcy estate of the real property held by them as tenants by the entirety effected a termination of the entireties estate. We disagree. When a husband and wife in this State take title to real property as tenants by the entirety, each spouse acquires an undivided one-half interest in the property with the right of survivorship, which right cannot be destroyed without the consent of both spouses *(see, V.R.W., Inc. v Klein,* 68 NY2d 560, 564). Although either spouse may mortgage or convey his or her own interest in the tenancy, such act will not impair the nonconsenting spouse's survivorship interest *(see, supra,* at 564-565; *Hiles v Fisher,* 144 NY 306, 313; *Lawriw v City of Rochester,* 14 AD2d 13, 15, *affd* 11 NY2d 759).

Here, upon the Abrahamses' filing of the joint bankruptcy petition pursuant to 11 USC § 302, the respective interest of each spouse was effectively transferred into his or her individual bankruptcy estate *(see,* 11 USC § 541 [a] [1]; *In re Levenhar,* 24 Bankr 331, 335). Despite defendant's assertion to the contrary, we cannot conclude that these transfers by way of the joint petition had the same effect as a joint consensual conveyance of the property, which clearly would have terminated the entireties estate *(see, V.R.W., Inc. v Klein, supra,* at 564; *Hiles v Fisher, supra,* at 312). The purpose of the joint bankruptcy petition is merely to ease administration and, in the absence of an order from the Bankruptcy Court consolidating the Abrahamses' estates *(see,* 11 USC § 302 [b]), such estates existed separately in the hands of the trustee *(see, In re Masterson,* 55 Bankr 648, 649; *In re Crowell,* 53 Bankr 555, 557; *Matter of Stuart,* 31 Bankr 18, 19). Thus, each estate contained what was essentially a survivorship interest *(see, In re Crowell, supra).* Following Allen Abrahams' death, the survivorship interest contained in Helen Abrahams' estate ripened into a fee interest by operation of law *(see, supra,* at 558). Consequently, defendant's lien, which was valid only as against Allen Abrahams' interest in the entireties estate, was extinguished along with his debtor's interest in the property

and plaintiffs took title to the property from the trustee free and clear of that lien. Accordingly, Supreme Court was correct in granting summary judgment in favor of plaintiffs.

WEISS, J. P., MIKOLL, MERCURE and HARVEY, JJ., concur.

Order and judgment affirmed, with costs.