**In re James RERISI, Debtor.**

**Bankruptcy No. 892–82661–478.**

United States Bankruptcy Court, E.D. New York.

Jan. 14, 1994.

Sawyer, Davis, Halpern & Rosenstock by Kenneth Halpern, Garden City, N.Y., for debtor.

Flower & Medalie by Jeffrey Herzberg, Bay Shore, N.Y., for trustee.

Zavatsky & Mendelsohn, Syosset, NY, for Lincoln Sav. Bank.

### DECISION RE TRUSTEE'S RIGHTS TO SURVIVING DEBTOR'S INTEREST IN REAL PROPERTY OWNED AS TENANT BY THE ENTIRETY

DOROTHY EISENBERG, Bankruptcy Judge.

This matter comes before the Court pursuant to an objection by James Rerisi (the "Debtor") to the Chapter 7 Trustee's motion to sell certain properties owned by the Debtor and his non-filing, now-deceased wife and to retain the net sales proceeds for the benefit of the Debtor's estate. Based on the relevant sections of the Bankruptcy Code and the law of the State of New York regarding tenancies by the entirety, this Court concludes that the Trustee is entitled to retain the entire net sales proceeds for the benefit of the Debtor's estate.

## FACTS

The Debtor filed a voluntary petition for Chapter 7 bankruptcy relief on May 13, 1992 and thereafter received a discharge in bankruptcy. The case is still open as the Trustee has not yet fully administered this estate.

The Debtor's spouse, Mary, died on March 20, 1993, approximately ten (10) months after the date the petition was filed. Prior to the filing of the petition, the parties were involved in a divorce proceeding, but no judgment of divorce had been entered, nor was any agreement between the parties executed prior to Mary's death. The Debtor owned four (4) parcels of real property as tenant by the entirety with his now-deceased wife, Mary. None of the properties are exempt property. The Trustee seeks to sell the various parcels of real property pursuant to Sections 363(b) and (h) of the Bankruptcy Code. The Trustee further claims a right to all of the proceeds of those sales by virtue of the fact that as of the petition date, the Debtor was seized with title to all of the property, and therefore, as of the date of death of his former wife, title to all of the property vested with the Debtor's estate by operation of New York State Real Property Law.

Although Mary's estate was provided with notice of the Trustee's application to sell this property free and clear and to retain the total proceeds, Mary Rerisi's estate has not objected. The Debtor as well does not object to the sale of the properties. However, the Debtor does object to the Trustee's request to retain all of the proceeds for the benefit of the Debtor's estate. The Debtor claims that the Trustee's rights in the Debtor's property are only those rights which the Debtor held at the time of the filing of the petition, which were rights as tenants by the entirety, with a living spouse. The Debtor asserts that as holder of an interest as tenant by the entirety, the Trustee is only entitled to one-half of the proceeds that will be recovered from sales, which represent the Debtor's one-half interest that existed on the date of the filing of the petition. He claims that the other undivided one-half interest which was owned by his former wife was not property of the Debtor's estate and belongs to the decedent's estate. In the alternative, the Debtor argues that even if the properties were deemed part of the Debtor's estate as of the date his spouse passed away, more than six (6) months have elapsed since the petition was filed. As such, the property is beyond the reach of § 541(a)(5)(A) of the Code, which includes within the definition of property of the Debtor's estate properties obtained by bequest, devise or inheritance within six (6) months after the petition is filed.

The issues raised by the Debtor seek a determination of: (1) the rights of the decedent's estate in the subject real property; and (2) the length of time the Debtor's interest in property remains in the Debtor's bankruptcy estate.

## DISCUSSION

■ A review of bankruptcy case law sheds little light on this subject. This may be so because the interests of the Debtor's estate in real property owned by a Debtor as tenant by the entirety is governed by state law. Unless the Bankruptcy Code or bankruptcy case law create other legal rights, the rights of parties to an interest in real property are established by applicable state law.

■ As of the date of the filing of a Chapter 7 petition, the Trustee is authorized to administer all of the property of the debtor's estate. Once the estate is created, no interests in property of the estate remain in the debtor as the estate becomes vested with all of the property and property rights of the debtor. In essence, the Trustee stands in the shoes of the debtor and has no more and no less interest than that which the debtor had as of the date of the filing of the petition.

■ The bankruptcy Trustee has the power to sell or use all non-exempt property of the debtor's estate for the benefit of all creditors. See 11 U.S.C. § 363(b)(1). The Trustee's rights are also subject to the rights of others and are no greater than that of the debtor, except in the specific limited exception pursuant to Section 365 of the Bankruptcy Code. That section is not applicable here.

11 U.S.C. § 541 defines the property of the Debtor's estate as follows:

(a) the commencement of a case under §§ 301, 302 or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held:

(1) except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor and property as of the commencement of the case.

. . . . .

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within one hundred eighty days after such date—

(A) by bequest, devise, or inheritance;

■ Under paragraph (1) of subsection (a), the estate is comprised of all legal or equitable interests of the debtor in property, wherever located, as of the commencement of the case. The scope of this paragraph is broad and all embracing. All kinds of property are comprised within this section, including tangible or intangible property, causes of action, and all other forms of property.

Although Section 541(c) of the Bankruptcy Code defines what interests of the debtor become property of the estate, applicable state law defines the scope and extent of these interests. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979); and *In re Farmers Markets, Inc.,* 792 F.2d 1400 (9th Cir.1986). Therefore, New York State Real Property Law governs the extent to which the subject real property is to be included in the Debtor's estate. Once the property is properly classified, the Trustee's rights to the sales proceeds of the property shall be fixed as well.

NYSEPTL § 6–2.2(b) provides: "A disposition of real property to a husband and wife creates in them a tenancy by the entirety, unless expressly declared to be a joint tenancy in common." *See also Matter of Tsunis,* 29 B.R. 527, 528 (Bankr.E.D.N.Y.1983). Since the deeds in question did not expressly declare that the recipients of the real property conveyances were taking in a joint tenancy or a tenancy in common capacity, the conveyances to the Debtor and Mary, as husband and wife, created tenancies by the entirety.

■ Tenancy in the entirety ownership is unique as it is only available to parties who are married as of the date of the conveyance. *V.R.W., Inc. v. Barbara Klein,* 68 N.Y.2d 560, 563, 510 N.Y.S.2d 848, 850, 503 N.E.2d 496, 498 (1986). The New York Court of Appeals in *V.R.W., Inc.* further stated:

The specific rights arising from this unique form of co-ownership are the logical corollary of the legal fiction that husband and wife were but one person. Although that fiction and the related rule prohibiting married women from owning property have long since been discarded, the special status of spouses jointly holding property has been continued into modern real property law. Following the enactment of the Married Women's Actions of 1849, both spouses had an equal right to possession of the property, and each had a right to demand that possession, as well as profits yielded by the property, be shared. While these features of tenancies by the entirety are also characteristic of tenancies in common, the tenancy is further distinguished by the fact that it confers on the surviving spouse a right to *absolute ownership of the property upon the other spouse's death.* (Emphasis added.)

As long as the marriage remains legally intact, both parties continue to be seized of the whole, and the death of one merely results in the defeasance of the deceased spouse's co-extensive interest in the property.

510 N.Y.S.2d at 850, 503 N.E.2d at 498 (citations omitted).

■ Each tenant by the entirety may sell, mortgage or otherwise encumber his or her rights in the property, subject to the continuing rights of the other. *V.R.W., Inc. v. Klein,* 510 N.Y.2d at 851, 503 N.E.2d at 499.

■ A tenancy by the entirety may, while both spouses are alive, be converted into a tenancy in common by a written instrument

that satisfies the requirement of Section 3–309 of the General Obligations Law, which permits division or partition of real property held in a tenancy by the entirety if clearly expressed in such an instrument. *Matter of Estate of Violi*, 65 N.Y.2d 392, 395, 492 N.Y.S.2d 550, 552, 482 N.E.2d 29, 31 (1985). In this case, no such instrument exists, and no acts evidencing any intent to destroy the tenancy by the entirety have been shown.

■ Courts have consistently held that a tenancy by the entirety constitutes an "interest in property," and is therefore within the parameters of Section 541(a) of the Code. *In re Garner*, 952 F.2d 232, 234 (8th Cir.1991); *In re Pauquette*, 38 B.R. 170, 173 (Bankr. D.Vt.1984); *In re Waxman*, 128 B.R. 49, 51 (Bankr.E.D.N.Y.1991). Even if both spouses had filed a joint bankruptcy petition, upon the filing of that petition pursuant to 11 U.S.C. Section 302, the respective interest of each is effectively transferred into his or her individual bankruptcy estate. *Schwab v. Krauss*, 165 A.D.2d 214, 566 N.Y.S.2d 974, 976 (3rd Dept.1991); *In re Levenhar*, 24 B.R. 331, 335 (Bankr.E.D.N.Y.1982).

In order to determine the effect the death of the non-debtor spouse had on the Debtor's interest in the properties, New York law must be examined. In explaining the rights of the surviving spouse upon the death of the other spouse, the New York courts have stated:

> Where property is held in a tenancy by the entirety—in which a husband and wife own real property as if they were one person—and one spouse dies, the surviving spouse takes the entire estate, *not because of any right of survivorship, but because that spouse remains seized of the whole.*

*Matter of Estate of Violi*, 65 N.Y.2d at 395, 492 N.Y.S.2d at 553, 482 N.E.2d at 32 (emphasis added) (citations omitted). See also, *V.R.W., Inc.*, 510 N.Y.S.2d at 850, 503 N.E.2d at 498; *Kozyra v. Goldstein*, 146 Misc.2d 25, 550 N.Y.S.2d 229, 230–31 (Sup.Ct.1989); *In re Dickie's Will*, 55 Misc.2d 976, 286 N.Y.S.2d 893, 896 (1968).

■ Under New York State law, the tenancy by the entirety survives the filing of a petition in bankruptcy and upon the death of one spouse, the surviving spouse's interest ripens into a fee interest by operation of law. *Schwab v. Krauss*, 566 N.Y.S.2d at 976. If the surviving spouse is a debtor in a bankruptcy case, the Trustee, who stands in the shoes of the debtor, has those rights in the entire fee that the surviving spouse would have.

■ Accordingly, Mary's interest in these tenancy by the entirety properties did not vest in the Debtor by a right of survivorship, but rather the Debtor was "seized" of the whole estate as of the time of the conveyance, a date prior to the petition date, and the Debtor remained solely seized of the whole estate after Mary's death. *In re Flinn*, 95 B.R. 13, 15 (Bankr.N.D.N.Y.1988). Further, the Debtor remains seized of the whole estate by operation of law and not by act of the Surrogate's Court. *Matter of Estate of Violi*, 65 N.Y.2d at 394–95, 492 N.Y.S.2d at 551–53, 482 N.E.2d at 30–32, *In re Kwesit's Estate*, 32 Misc.2d 601, 223 N.Y.S.2d 596, 597 (1961).

Because the Debtor was "seized" of the whole estate in the subject four (4) real properties as of the date of the conveyances, the Debtor's ownership interest in the four (4) real properties passed to the Trustee as of the Filing Date, in accordance with Section 541 of the Bankruptcy Code. Thus, Mary's death did not alter the Trustee's ownership rights to the real properties, but rather, merely eliminated any and all of Mary's ownership rights in those real properties, by operation of law. The estate of the deceased spouse therefore has no interest in the properties. To impose a constructive trust or equitable lien as suggested by the Debtor is to accord sympathy to Mary's estate, but is insupportable by law.

If the facts had been reversed, and the Debtor had predeceased his spouse, the Debtor's estate would have no interest in those properties.

This Court finds no section of the Bankruptcy Code or other federal law which would support abandonment of the applicable state law. Reference to Section 541(a)(5)(A) of the Bankruptcy Code, which provides for the inclusion into the Debtor's estate of prop-

erty acquired by the Debtor within six (6) months after filing the petition, by way of inheritance, bequest or devise is inapplicable and has no bearing on the facts of this case. The subject property interest was not acquired by the Debtor by way of inheritance, bequest or devise. It was an interest in property that the Debtor held as of the date of filing the petition, which ripened into one of greater value (a fee interest) upon the death of his spouse, ten (10) months later.

■ Until the case is closed by the Trustee, or the property interest is actually abandoned pursuant to Section 554 of the Bankruptcy Code, the Trustee controls all of the property of the estate as of the date of the filing of the petition. *See In re Wade,* 991 F.2d 402, 406 (7th Cir.1993) *cert. denied, Wade v. Shook,* —— U.S. ——, 114 S.Ct. 195, 126 L.Ed.2d 153 (1993).

### CONCLUSION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

For the reasons stated above, this Court finds that the Debtor was seized of all four (4) properties at the time the petition was filed and as a result of the death of the Debtor's spouse, the Debtor's estate has the fee interest of the properties. The Trustee, standing in the Debtor's shoes, has the right to retain the entire net proceeds of the sales of the properties, for the benefit of the Debtor's estate.

Settle an Order in accordance with this decision.