■ Martina M. Gallagher, as Executrix of John J. Crimmins, III, Deceased, Respondent, v Lewis C. Kirschner, as

Limited Administrator of the Estate of MARK L. LARSEN, Deceased, et al., Defendants, and H. STEPHEN LARSEN et al., Appellants. [632 NYS2d 857] —Spain, J. Appeal from an order of the Supreme Court (Cobb, J.), entered April 7, 1994 in Ulster County, which, *inter alia*, granted plaintiff's cross motion for summary judgment against certain defendants.

On May 26, 1988, John J. Crimmins, III (hereinafter decedent) was murdered at his home in Columbia County. Several days later, in the course of the homicide investigation, Mark L. Larsen (hereinafter Larsen) was shot and killed while being pursued by the State Police. In May 1990 plaintiff commenced an action against Larsen's estate seeking damages for, *inter alia*, the wrongful death of decedent. In January 1992 a default judgment awarding over $550,000 in damages was entered in favor of plaintiff; however, Larsen's estate was insolvent. At the time of his death Larsen owned a one-eighth interest in two parcels of real estate in Ulster County as joint tenant with right of survivorship with defendants H. Stephen Larsen, Robin Larsen, Harold B. Larsen, Mabel Larsen and H. Peter Larsen and as a tenant in common with his former wife, defendant Maria Larsen. In June 1993, plaintiff commenced the within action seeking to set aside as fraudulent the transfer of Larsen's interest in the real property which passed at the time of his death, by operation of law, to his surviving joint tenants. After issue was joined some defendants moved for summary judgment dismissing the complaint; plaintiff opposed and cross-moved for summary judgment. Supreme Court denied defendants' motion for summary judgment and granted plaintiff's cross motion for summary judgment setting aside and vacating the transfer of Larsen's interest in the real property to his then-surviving joint tenants upon his death, and declared said property to be an asset of Larsen's estate. Defendants appeal.

We affirm. Supreme Court correctly determined that the transfer to the then-surviving joint tenants upon Larsen's death rendered his estate wholly insolvent. Under Debtor and Creditor Law § 273, transfers which render a transferor insolvent are deemed fraudulent if such transfers are made without fair consideration (*see, e.g., Schmitt v Morgan*, 98 AD2d 934, *appeal dismissed* 62 NY2d 914). Notably, Debtor and Creditor Law § 273 does not require any showing of actual motive or intent to defraud on the part of the transferor (*see, Schmitt v Morgan, supra*, at 935; *County of Dutchess v Dutchess Sanitation Servs.*, 86 AD2d 884, 885, *appeal dismissed* 56 NY2d 1033). Even where the transfer occurs by operation of law upon the

death of a joint tenant, a creditor may recover the interest transferred, as a fraudulent transfer, if it can be demonstrated that the transfer rendered the deceased debtor's estate insolvent (*see, Kashan v Kosoff,* 112 AD2d 350, 351; *see also, Matter of Granwell,* 20 NY2d 91, 97).

Defendants' contention that the property was transferred for fair consideration as defined in the Debtor and Creditor Law* is without merit. Defendants assert that because Larsen owed the surviving joint tenants an antecedent debt consisting of unpaid rent and carrying charges related to maintaining the property, the property passed to them at the time of his death for fair consideration. However, although an antecedent debt can be fair consideration (*see, Furlong v Storch,* 132 AD2d 866, 868; *see also, Colombo v Caiati,* 131 AD2d 532, 533-534), in this case there is nothing in the record to indicate that the transfer, which occurred by operation of law, was made "in exchange" to satisfy an antecedent debt. Moreover, there is nothing in the record to demonstrate that the debt, if any, was ever extinguished (*see,* Debtor and Creditor Law § 272 [a]) or that the property was received as security for the alleged debt (*see,* Debtor and Creditor Law § 272 [b]). Finally, defendants' submissions are not sufficient to establish the existence of an antecedent debt or to establish that Larsen's interest in the property in question was given in exchange for the alleged antecedent debt; all of their asserted issues of fact relate to the issue of fair consideration. Defendants have, therefore, failed in their obligation to lay bare their proof and disclose evidentiary facts sufficient to raise triable issues of fact in order to defeat plaintiff's cross motion for summary judgment (*see, Century Ctr. v Davis,* 100 AD2d 564), which was properly granted.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

* Debtor and Creditor Law § 272 provides that:

"Fair consideration is given for property, or obligation,

"a. When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or

"b. When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained."