**In re THARP, Betty Lou, Debtor.**

**Bankruptcy No. 98–11084–6J7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

July 16, 1999.

David R. McFarlin, Wolf, Hill, McFarlin & Herron, P.A., Orlando, FL, for debtor.

Lynnea Concannon, L.S. Concannon, P.A., Orlando, FL, for trustee.

Gene T. Chambers, Orlando, FL, Chapter 7 Trustee.

Michael G. Williamson, Kay, Gronek & Latham, LLP, Orlando, FL, for creditor.

*MEMORANDUM OPINION ON CROSS MOTIONS FOR SUMMARY JUDGMENT*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on May 5, 1999, on the cross motions for summary judgment filed by the debtor, Betty Lou Tharp (the "Debtor"), and by the Chapter 7 trustee, Gene T. Chambers (the "Trustee") (Doc. Nos. 20 & 38). Both the Debtor and Trustee seek summary judgment on the Trustee's objection to the Debtor's claim of exemptions and a related objection to exemptions (the "Objections") filed by creditors, Houge & Kazarian ("H & K") (Doc. Nos. 12 & 15). At the hearing, all objections were resolved except for the objection relating to the Debtor's claimed exemption in a bank account and to household goods. After reviewing the pleadings and considering the positions of interested parties, the Trustee's motion for summary judgment on the remaining issue is granted, and the Debtor's motion for summary judgment is denied.

*Background.* The Debtor filed this Chapter 7 bankruptcy case on December 18, 1998. On her schedules, the Debtor claimed as exempt a bank account with a balance of $525 and certain household goods valued at $1000 on the basis that they were owned as "joint tenants by the entirety" with her non-debtor husband (Doc. No. 1). The Debtor's husband died approximately one month after the bankruptcy petition was filed (Doc. No. 11). No joint debts between the Debtor and her spouse exist.

In the Objections, the Trustee and H & K dispute the value attributable to the household goods and dispute that the property actually was held as tenants by the entireties ("TBE") by the Debtor and her now deceased spouse. The Trustee argues in her motion for summary judgment that, even assuming the property was held as TBE, the property is now subject to administration because the death of the Debtor's husband eliminated the Debtor's ability to exempt the property as TBE (Doc. No. 38). Further, the Trustee and H & K object to the claimed exemption of the bank account on the basis that the value of the household goods and the cash in the bank account exceed the $1000 personal property exemption allowable under the Florida Constitution (Doc. Nos. 26 and 38). The Debtor argues in her motion for summary judgment that the recent death of her spouse has no effect on her ability to exempt TBE property.

*Standard of Review.* Pursuant to Federal Rule of Civil Procedure 56, which is

applicable in bankruptcy under Federal Rule of Bankruptcy Procedure 7056, the court may grant summary judgment when "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. The burden is on the moving party to establish the right to summary judgment. *See Fitzpatrick v. Schiltz (In re Schiltz)*, 97 B.R. 671, 672 (Bankr.N.D.Ga.1986).

In determining entitlement to summary judgment, the court must "view all evidence and make all reasonable inferences in favor of the party opposing" the motion. *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir.1995) (citing *Dibrell Bros. Int'l S.A. v. Banca Nazionale Del Lavoro*, 38 F.3d 1571, 1578 (11th Cir.1994)). In order to defeat a summary judgment motion, a material factual dispute on a determinative issue must exist. *Id.* In opposing a motion for summary judgment, a party may not simply rest on the pleadings but must demonstrate the existence of elements essential to the non-moving party's case and for which the non-moving party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ *Tenancy by the Entireties.* Property of the estate under § 541 of the Bankruptcy Code [1] is defined as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1999). As such, § 541 includes a debtor's interest in entireties property. *See Fairfield v. United States (In re Ballard)*, 65 F.3d 367, 371 (4th Cir.1995); *accord Grant v. Himmelstein (In re Himmelstein)*, 203 B.R. 1009, 1011–12 (Bankr.M.D.Fla.1996). Thus, when the Debtor filed her bankruptcy petition her interest in the TBE property was included in the bankruptcy estate. *See Himmelstein*, 203 B.R. at 1011–12.

■ However, under § 522(b)(2)(B), a debtor may exempt from property of the estate TBE property to the extent that the property is exempt under state law. Under Florida law, TBE property is not given exempt status by Chapter 222 of the Florida Statutes or by the Florida Constitution. Instead, the property is excluded from administration under Florida's common law because of the unique ownership aspects of TBE property which give each tenant full and undivided ownership and control of the property. *See In re Boyd*, 121 B.R. 622, 624 (Bankr.N.D.Fla.1989); *accord Hadley v. Koehler (In the Matter of Koehler)*, 6 B.R. 203 (Bankr.M.D.Fla.1980). According to the Eleventh Circuit Court of Appeals, interpreting Florida law, when a married couple meets the unities of marriage, time, title, possession and interest, each spouse's interest is absolute in the entire property and the estate is not severable. *See United States v. One Single Family Residence With Out Buildings Located at 15621 S.W. 209th Avenue, Miami, Florida*, 894 F.2d 1511, 1514 (11th Cir. 1990) (citing *Andrews v. Andrews*, 155 Fla. 654, 21 So.2d 205, 206 (1945)). Neither spouse alone can sell, forfeit or encumber the TBE property without the consent of the other spouse. *See id.* (citing *Parrish v. Swearington*, 379 So.2d 185, 186 (Fla. 1st DCA 1980) (per curiam)). Therefore, if only one of the spouses files a bankruptcy petition, the property is not subject to administration in the bankruptcy case unless joint debts against both spouses exist. *See Himmelstein*, 203 B.R. at 1013.

■ The determination that property is owned by spouses as TBE is particularly significant in determining the disposition of property after the death of one spouse. Because the TBE property is viewed as one single estate held completely by each spouse, ownership vests entirely in the surviving spouse when the other spouse

---

1. Unless specified otherwise, all references to statutory sections refer to Title 11 of the United ed States Code.

dies. *See Bailey v. Smith,* 89 Fla. 303, 103 So. 833 (1925). The surviving spouse becomes the owner in fee simple. *See Wilson v. Florida Nat. Bank & Trust Co.,* 64 So.2d 309, 312 (Fla.1953). The surviving spouse does not take a new estate; rather, the interest of the deceased spouse is simply extinguished. *Id.*

■ For purposes of addressing the cross motions for summary judgment, the Court will assume the Debtor held the bank account and household goods on the date of the petition as TBE with her husband. The issue is whether the property remains exempt in light of the recent death of the Debtor's husband. Courts reaching this issue uniformly have held that, when the debtor's spouse died postpetition, the deceased spouse's interest in the property was extinguished, and the bankruptcy estate became the owner of the property in fee simple.

Courts arrive at this result in two ways. Some courts find that the estate obtains the "right of survivorship" held by the debtor on the day of filing the bankruptcy petition and that, upon the death of the spouse, this right of survivorship "matures" into a fee simple interest. *See Dollinger v. Bottom (In re Bottom),* 176 B.R. 950, 953 (Bankr.N.D.Fla.1994). *See also Ballard,* 65 F.3d at 371. For example, in *In re Bottom,* the debtor and his father owned a joint bank account with the right of survivorship at the time his Chapter 7 bankruptcy petition was filed. *Id.* The debtor had bare legal title and a right of survivorship in the account on the petition date. *Id.* The debtor's father subsequently died. *Id.* The debtor argued that his father's equitable interest in the account should not become part of the bankruptcy estate. *Id.* The Bankruptcy Court for the Northern District of Florida disagreed. The court held that the debtor's right of survivorship initially was property of the debtor's estate pursuant to § 541 of the Bankruptcy Code. *Id.* Upon the death of one of the joint owners, the right of survivorship simply "matured into complete own-

ership." *Id.* Thus, the entire bank account was property of the estate. *Id.*

The distinction that the debtor in *Bottom* owned the bank account with his father as joint tenants with the right of survivorship and the property at issue in this case was owned by the Debtor and her now deceased husband as TBE is irrelevant. Both types of property ownership contemplate an automatic transfer upon the death of one of the owners. The property does not pass through any conveyance, bequest or probate proceeding but is automatic upon death. Therefore, the analysis in *Bottom* is applicable in determining the Trustee's interest to the TBE property at issue here.

Other courts reach the same result by focusing on the unique nature of TBE ownership in which each spouse is seized of the whole estate and not a divisible part. *See In re Rerisi,* 172 B.R. 525 (Bankr. E.D.N.Y.1994). Under this analysis, both the debtor and the non-filing spouse own 100% of the TBE property on the petition date. The bankruptcy estate is seized of the *whole* property on the petition date. The post-petition death of one spouse merely operates to eliminate that spouse's interest in the property leaving the estate with a fee simple interest. *Id.* at 529.

In *In re Rerisi,* the non-debtor spouse died approximately 10 months after the debtor filed his Chapter 7 petition. *Id.* at 527. The debtor claimed as exempt property held as TBE with his non-debtor spouse. *Id.* After the death of the spouse, the trustee moved to sell the property and use the proceeds for the benefit of the estate. *Id.* The debtor argued that the trustee was only entitled to one-half of the proceeds from the sale of the property because the other undivided one-half interest was owned by the estate of the debtor's wife and was not part of the bankruptcy estate. *Id.* at 527–28. The Bankruptcy Court for the Eastern Division of New York, applying entireties law similar to that of Florida, found that the debtor was seized of the whole estate on the petition

date because of the unique nature of holding title as tenants by the entireties. *Id.* When the debtor's ownership interest passed to the trustee on the filing date, the trustee was seized of the whole estate, not just half. *Id.* at 529. Therefore, the now deceased, non-filing spouse's interest in the property did not vest in the debtor or trustee by any right of survivorship. Rather, the death of the debtor's non-filing wife "merely eliminated any and all of the wife's ownership rights in the property, by operation of law." *Id.*

*Conclusion.* Under either approach, the result is the same; the death of the Debtor's spouse terminated the tenancy by the entirety and gave the bankruptcy estate a fee simple interest in the property. The Trustee is entitled to administer the property, and the Debtor is not entitled to exempt the property simply because she once owned the property as TBE with her husband. However, the Debtor is entitled to exempt up to $1,000 of any personal property pursuant to the Florida Constitution. Any excess property is property of the estate and subject to turnover to the Trustee.

Accordingly, the Trustee's motion for summary judgment is granted. The Debtor's motion for summary judgment is denied. The Debtor is directed to designate personal property of $1,000 to exempt and to turnover the balance to the Trustee within 30 days. If any dispute remains as to the valuation of the household goods, the parties may request a subsequent hearing.

DONE AND ORDERED.